Story, Justice,
 

 delivered the opinion of the court. — The plaintiff in error brought an action of ejectment in the circuit court for the county of Washington, in the district of Columbia, to recover a certain lot of land in the city of Washington. The general issue was pleaded ; and upon the trial, the jury found a verdict for the defendant, upon which judgment was rendered in his favor. Upon that judgment, the present writ of error has been brought.
 

 At the trial, several exceptions were taken, by the plaintiff, to the opinions expressed or refused by the court. As to some of these exceptions, which a.re thus brought before us, it is unnecessary to decide, whether they are well or ill founded ; because, in the progress of the cause, it is apparent, that they worked no ultimate injury to the plaintiff, since, independently of the matters therein stated, it is admitted upon the record, that the plaintiff made out a good title in his lessor, which was all which the plaintiff proposed to establish by them. And we wish it to be understood, as a general rule, that where there are various bills of exception filed, according to the local practice, if, in the progress of the cause, the matters of any of those exceptions become wholly immaterial to the merits, as they are finally made out at the trial, they are no longer assignable as error, however they may have been ruled in the court below. There must be some injury to the party, to make the matter, generally, assignable as error. Upon this ground, we shall pass over the exceptions taken to the ruling of the court in the preliminary stages of the cause, as to the title of the lessor of the plaintiff.
 

 Another exception is founded upon the refusal of the court to admit the parol evidence of a witness, who was not present at the survey returned in-
 
 *88
 
 cause, to establish the fact, that the lessor of the plaintiff was, in the month of October 1794, in possession of the land designated by certain lines and letters on the plat, and demanded in the action, under the claim of title. The ground of the decision of the court was, that such evidence was not competent, except from a witness who had been on the survey ; and this decision is attempted to sustained by the local practice of Maryland in like cases. We *1361 ^ave examined the cases, which were referred to at the bar. They *do not appear to us to be all easily reconcilable with each other. It may perhaps be gathered from them, that no evidence can be admitted, of the location of any line, boundary or object, not laid down on the plats of re-survey ; and that a witness who was not present at the re-survey, is not competent to give evidence as to the lines, objects and boundaries laid down on such plats. (See McHenry on Ejectment, ch. 3, p. 208, c. 16, and cases there cited.) These rules appear to rest on artificial reasoning, and a course of practice peculiar to Maryland. But we do not find it anywhere decided, that no testimony is admissible, to prove a possession of the land within the lines of the party’s claim, laid down in the plat, except the testimony of some witness, who was present at the re-survey ; and some of the cases certainly show that possession may be proved, within the lines of the plat, although the particular marks or places of jDossession are not designated thereon. (See
 
 Carroll v. Norwood,
 
 1 Har.
 
 &
 
 Johns. 167 ;
 
 Hawkins v. Middleton,
 
 2 Har. & McHen. 119.) It is unnecessary to consider, whether, upon a general question of the competency of evidence in respect to lands in this district, this court would follow all the decisions of Maryland, introduced as part of their local practice in ejectment. We are not satisfied that any such rule exists as that contended for by the defendant in error; and upon the general principles of the law of evidence, the testimony of the witness, which was objected to, was clearly admissible. The plaintiff had a right to prove his possession, by any competent witness, whether he was present at the re-survey or not. His testimony might not on that account be so satisfactory or decisive but it was nevertheless j>roper for the consideration of the jury. The court erred, therefore, in rejecting it.
 

 The subsequent exceptions may be considered together. The language of the bill is, that the plaintiff then gave in evidence, without objection, a copy of the original patent or grant from the lord proprietor of the province of Maryland, dated the 5th of July 1686, and by sundry mesne conveyances devises and descents, gave evidence of a good title in the lessor of the plaintiff, in the month of October, in the year 1794. Whereiqmn, the defendant offered to read in evidence to the jury, for the purpose of showing that *1371 *n question was out of the lessor of the plaintiff, after the year 1794, a paper purporting to be a copy of certain proceedings under the bankrupt law of the United States, admitted to be duly authenticated (annexing the copy), and a deed from the persons therein named, as commissioners of bankruptcy, to Edward S. Burd, and a deed from the said commissioners to John Miller, jr., to the admission of which in evidence, the counsel for the plaintiff objected : and the court sustained the objection as to the two deeds. And thereupon, the defendant prayed the court to instruct, and the court did instruct, the jury, that by the proceedings in bankruptcy, Greenleaf, the lessor of the plaintiff, was divested of the legal title in and to the lot in controversy, and that the said legal estate
 
 *89
 
 was thereby vested in the commissioners of bankruptcy ; and rejected the said deeds as any evidence in the said cause.
 

 Whereupon, the plaintiff, in addition to the evidence aforesaid, offered to read in evidence to the jury, the said two deeds in the said proceedings mentioned, from the said commissioners of bankruptcy to the said Edward S. Burd, and the said deed from the said commissioners and the said Edward Burd to the said John Miller, and also a copy of a deed, duly authenticated, from Miller to Samuel Eliot, and a copy of a deed, duly authenticated, from Eliot to Greenleaf (the lessor of the plaintiff), all which copies were objected to, and the court refused to permit the plaintiff to read them in evidence to the jury. It is not one of the least curious circumstances of this cause, that copies of the same deeds were alternately offered as evidence, for the same purpose, by each of the parties, -and successively objected to by the other, and rejected by the court. In the ordinary course of things, the party offering such evidence is understood to waive any objection to its competency as proof. But, without insisting upon this consideration, it is manifest, that if the proceedings in bankruptcy, admitted by the court, were competent evidence at all, they establish the fact not only of the bankruptcy of Greenleaf, and the issuing of a commission against him, and the appointment of commissioners, but also of an assignment of his estate by them, first to Burd, and afterwards to Miller. The proceedings are not given at large ; but among them is a transcript of the doings of :|:the commissioners, at a meeting held on the 11th January 1808, at which the L commissioners certify, that a majority of the creditors had removed Burd, at his own request, and appointed Miller assignee of the bankrupt’s effects in his stead ; and also at a meeting on the l?th of March 1804, at which the commissioners certify, that they executed an assignment of all the estate and effects of the bankrupt to Miller, calling him “ John Miller, jr., of the city of Philadelphia, merchant.” We must take these proceedings, if at all, together ; and if, in virtue of the bankruptcy of Greenleaf, his estate became
 
 ipso facto
 
 vested in the commissioners (on which, in our view of the case, it is unnecessary to decide), the same proceedings prove an assignment from them to Miller of the same estate. It is not competent for a party to insist upon the effect of one part of the papers constituting his own evidence, without giving the other party the benefit of the other facts contained in the same papers. W e think, then, that the assignment to Burd and Miller was sufficiently in evidence, upon the defendant’s own proofs, to entitle the plaintiff to deduce his title to the lot in controversy, without the introduction of the copies of the deeds of assignment, which were offered and rejected. The question, then, is reduced to this, whether the deed from Miller to Eliot was entitled to be read in evidence ? for the specific objection is taken to that from Eliot to Greenleaf.
 

 Two objections have been taken to the deed from Miller to Eliot. The first is, that it does not appear, that Miller is a non-resident, so as to entitle the deed to registration, upon an acknowledgment to be made by a letter of attorney, in the manner pointed out by the registration act of Maryland of 1?66, ch. 14 § 4. But we are of opinion, that the non-residence is sufficiently apparent from the form of the papers. Miller is stated in the bankrupt proceedings to be a merchant of Philadelphia, and in his deed to Eliot, he describes himself to be “ of the city of Philadelphia and there is not the
 
 *90
 
 slightest evidence in the case to overcome the natural presumption of non-residency arising from these facts.
 

 The next objection is, that the power of attorney given by Miller to William Brent and John G. McDonald, to make an acknowledgment of the deed before some proper magistrate, with a view to its registration, did not authorize the ^acknowledgment as it was in fact made. The power of attorney constitutes them “to be the lawful attorney or attorneys” for Miller, and in his name to make the acknowledgment. They severally appeared before different magistrates (who were duly authorized), at several times, and made a several acknowledgment, in the name of their principal. The argument is, that the power was joint, and not several, and that, therefore, the execution should have been by a joint acknowledgment, before the same magistrate. In our opinion, the true construction of the power is, that it vests a several as well as a joint authority in the attorneys. They are apjiointed the “ attorney or attorneys ;” and if the intention had been to give a joint authority only, the words “ attorney ” and “ or ” would have been wholly useless. To give effect, then, to all the words, it is necessary to construe them distributively ; and this is done by the interpretation before stated. They are appointed his attorneys, and each of them is appointed his attorney, for the purpose of acknowledging the deed.
 

 Upon these grounds, we are of opinion, that the judgment of the court below ought to be reversed ; and that the cause be remanded, with directions to award a
 
 venire facias de novo.
 

 This cause came on to be heard, on the transcript of the record from the circuit court of the United States for the district of Columbia, holden in and for the county of Alexandria, and was argued by counsel : On consideration whereof, it is considered, ordered and adjudged by this court, that there was error in the circuit court, in the refusal by the court of the parol evidence offered by a competent witness, who was not present at the survey, that the lessor of the plaintiff was, in the month of October 1794, in the possession of the land designated by the lines E, S, G, which was demanded in the action, and designated on the plat in the case, by lot number 16, in square number 75, under the claim of title as set forth in the bill of exceptions : and also in refusing to admit the copy of the deed from John Miller, jr., to Samuel Eliot, jr., and from said Eliot to James Greenleaf, the lessor of the plaintiff, in evidence, as is set forth in the bill of exceptions, after the said circuit court *had admitted in evidence the proceedings inbank- -* ruptcy, in the same bill of exceptions set forth. It is, therefore, considered, ordered and adjudged by this court, that the judgment of the said circuit court in this cause be and the same is hereby reversed, and that this cause be and the same is hereby remanded, with directions to the said Circuit Court to award a
 
 venire facias de novo.
 

 [1]
 

 [1]
 

 For further decisions in this ease, see 5 Pet. 302, and 9 Id. 292.