MISSOURI, K. & T. RY. CO. OF TEXAS et al. v. GRIMES. (No. 5755.) *

(Court of Civil Appeals of Texas. Austin. June 6, 1917. Rehearing Denied July 2, 1917.)

1. ACTION ☞38(2) — ALTERNATIVE STATEMENTS—JOINDER OF CAUSES.
Since it is permissible to sue upon different causes in the alternative upon separate counts, where separate causes arising under different state of facts are alleged in the alternative in separate counts, there is no joinder of causes.
[Ed. Note.—For other cases, see Action, Cent. Dig. § 549.]

2. APPEAL AND ERROR ☞1039(3)—HARMLESS ERROR—ALTERNATIVE CAUSES—JOINDER OF CAUSES.
Where an injured servant alleged that his master was negligent and liable under both the federal and the state law, and that a connecting carrier was negligent under both federal and state law, neither could complain of misjoinder where it ultimately appeared that the master was liable under state law and the other defendant was liable under the federal law; the liability being for a joint tort.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4076.]

3. MASTER AND SERVANT ☞88(6)—INJURIES TO SERVANT OF OTHER ROAD—SAFE PLACE TO WORK—DUTIES.
Where two intersecting railroads erected an interlocking plant for their joint use, the one knowing that servants of the other would use the plant was under the same duty to keep it in a reasonably safe condition for the other's employés as was the other itself.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 149.]

4. EVIDENCE ☞506 — OPINION — SUBJECT-MATTER—SAFE PLACE TO WORK.
As it is a question for the jury whether the place at which plaintiff was injured was properly and safely maintained, testimony of experts that the place was in safe condition was properly excluded.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2309.]

5. TRIAL ☞350(6)—SUBMISSION OF ISSUES.
In a servant's action for injuries, submission of issue whether other roads maintained interlocking plants in the same condition was not necessary; negligence of other employers being no excuse.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 830.]

Appeal from District Court, Williamson County; C. A. Wilcox, Judge.

Action by William S. Grimes against the Missouri, Kansas & Texas Railway Company of Texas and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Garrett & Garrett, of Austin, for appellant Houston & T. C. R. R. Co. C. C. Huff, and J. M. Chambers, both of Dallas, and Wilcox, Graves & Metcalfe, of Georgetown, for appellant Missouri, K. & T. Ry. Co. of Texas. J. W. Parker, of Houston, for appellee.

Findings of Fact.

JENKINS, J. On April 5, 1915, appellee was engaged as a freight conductor in the employ of the Missouri, Kansas & Texas Railway Company of Texas, at Elgin, Tex. Both the Katy Railroad and appellee were at the time engaged in interstate commerce. The tracks of the Missouri, Kansas & Texas Railway Company of Texas, which will hereinafter be called the "Katy," and the tracks of the Houston & Texas Central Railroad Company, which will hereinafter be called the "Central," cross each other at Elgin at right angles, and said companies have jointly erected and jointly maintain an interlocking plant at said place. Said plant consists in part of a tower and certain pipes and rods running from the same to each of said roadbeds. On the day mentioned appellee was attempting to board a caboose on the Katy,

and in doing so stepped upon some rods on the side of the Katy track, and within a few feet of the Central track, and within the right of way of both of said roads. His foot hung in the rods, by reason of which he was thrown down, and the train passed over his foot, and he was injured as alleged. These rods connect the tower with the track. They were uncovered with a space beneath, and appellee alleged that permitting them to be in that condition was negligence upon the part of both the Katy and the Central. He alleged that both of said roads were engaged at the time in intrastate commerce. In another count he alleged that each of said roads at said time was engaged in interstate commerce.

In addition to general denial and general demurrer, the Katy alleged that at the time of said injury it and appellee were engaged in interstate commerce, and that its liability, if any, was determined by the federal laws. It alleged that the interlocking plant, rods, and other appliances used in connection therewith were constructed and placed in the most improved and up-to-date manner, that the rods upon which appellee stepped were used in connection with and by the Central Railroad, and that the Katy was not responsible for the manner and operation of the same. It also pleaded contributory negligence and assumed risk.

The Central, in addition to general denial and general demurrer, alleged that the appellee was in the service of the Katy Railroad, and not an employé of the Central, and that if he was upon the track of the Central he was not there as an invitee, but as a mere licensee, and that it owed him no duty to furnish a safe place in which to work for the Katy.

The court overruled all demurrers, and exceptions were reserved to such action of the court. At the close of the evidence appellants moved the court to require appellee to elect as to whether he sought recovery under the federal or state law, which motion was overruled; also to require appellee to elect as to which of the defendants he would further prosecute his suit, which motion was also overruled.

The case was submitted to the jury upon special issues as follows:

"Special Issue No. 1: Was the open space with the rods in it a defect in the railway track or roadbed of the Missouri, Kansas & Texas Railway Company of Texas; that is to say, did the maintenance of such open space with rods in it expose the employés of the Missouri, Kansas & Texas Railway Company of Texas, while performing duties similar to those being performed by plaintiff, at the time of his alleged injury, to unnecessary danger of injury in the performance of such duties? You will answer this question 'Yes' or 'No.'"

The jury answered "Yes."

"Special Issue No. 2: Did the plaintiff in attempting to mount the caboose get his foot caught in the said rods, and was thereby thrown down or caused to fall and be injured by being struck by the cars in the train. You will answer this question 'Yes' or 'No.'"

The jury answered "Yes."

"Special Issue No. 3: Were the defendants, or either of them, guilty of negligence in maintaining such open space with the rods in it under the circumstances? You will answer this question 'Yes' or 'No.'"

The jury answered "Yes."

"Special Issue No. 4: If you have answered the preceding question in the affirmative, then answer this question: Were both of the defendants guilty of negligence in the respect submitted to you, or was only one (if either) guilty of such negligence? If you find that both of the defendants were guilty of negligence in the respect submitted to you, you will answer this question by saying 'Both.' If you find that one of the defendants was guilty of negligence in the respect submitted to you in the preceding question, then you will name such defendant."

The jury answered "Both."

"Special Issue No. 5: If you do not answer questions Nos. 1, 2, and 3 in the affirmative, you will not consider of your verdict any further, but report your action to the court at once. If, however, you answer said special issues Nos. 1, 2, and 3 in the affirmative, then you will answer this question: Was such defect and negligence, if any, the proximate cause of the defendant's injury, if any? You will answer this question 'Yes' or 'No.'"

The jury answered "Yes."

"Special Issue No. 6: If you do not answer question No. 5 in the affirmative, then you will not further consider of your verdict, but report your action to the court at once. However, if you have answered said question No. 5 in the affirmative, then answer this question: Was the plaintiff guilty of contributory negligence in attempting to mount the caboose at the time and place and under the circumstances he did, or in stepping upon the said rods? You will answer this question 'Yes' or 'No.'"

The jury answered "No."

"Special Issue No. 7: Did the plaintiff know, or in the exercise of ordinary care in the performance of his duty would be have known, of the existence of the space with the rods in it and of the danger, if there was danger, to his footing should he step upon the said rods in mounting the caboose? You will answer this question 'Yes' or 'No.'"

The jury answered "No."

"If you answer the preceding question in the affirmative, then you will not consider of your verdict any further, but report your action to the court at once.

"Special Issue No. 8: If, however, you do not answer said special issue No. 7 in the affirmative, and if you find that the plaintiff was not guilty of contributory negligence, then you will consider the damages to which the plaintiff is entitled, and will assess the same at such sum of money as, if paid in hand at this time, would fairly and justly compensate him for the injuries alleged by him in his petition, and which you find from the evidence he sustained, if any, and in assessing such damages, if any, you may take into consideration the wages lost by him on account of such injuries from the time thereof up to this time, if any, the mental and physical pain suffered by him and that will be suffered by him in the future on account thereof, if any, and any impairment of his ability to earn money in the future on account thereof, if any. And you will state such amount, if any, as your answer to this question."

The jury answered "$6,500."

"Special Issue No. 9: And in this connection you are instructed that, if you find that the plaintiff was himself guilty of contributory negligence, then you are instructed that the law requires that the damages recoverable as against the defendant the Missouri, Kansas & Texas Railway Company of Texas, no damages being recoverable in such case against the Houston & Texas Central Railroad Company, shall be di-

minished in proportion to the amount of negligence attributable to plaintiff, by which is meant that, if the negligence causing the injury of the plaintiff was partly attributable to him and partly to the defendant the Missouri, Kansas & Texas Railway Company of Texas, he cannot recover full damages, but only a proportional amount, bearing the same proportion to the full amount as the negligence attributable to said defendant the Missouri, Kansas & Texas Railway Company of Texas bears to the entire negligence attributable to it and plaintiff, stating such amount, if any, as your answer to this question."

In connection with the special issues the court gave proper definitions as to "negligence," "contributory negligence," "assumed risk," and "proximate cause."

The findings of the jury are sustained by the evidence, for which reason we adopt them as our findings of fact.

## Opinion.

Appellants insist that there is a misjoinder of both parties and causes of action in this case. Our views as to our system of pleading were concisely expressed by the Chief Justice of this court in the recent case of Buckholts Bank v. Thallman, 196 S. W. 687.

[1] The petition does not allege and the evidence does not show a joinder of different causes of action; that is to say, recovery is not sought upon both of two distinct causes of action, but recovery is sought in the alternative upon one or the other of two causes of action. It is permissible under our system of pleading to sue upon different causes of action in the alternative upon separate counts. Where separate causes of action arising under a different state of facts are alleged in the alternative in separate counts, there is no joinder of causes of action. Railway Co. v. Heard, 91 S. W. 371.

In Railway Co. v. Heard, supra, if the federal law governed, the cause of action was in the legal representatives of the deceased, and the judgment belonged to the persons named in the statute. If the state law prevailed, the judgment belonged to the estate of deceased. In such case it was held necessary to allege under which law the suit was prosecuted. To the same effect is Railway Co. v. Seale, 229 U. S. 157, 33 Sup. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156.

In Williams v. Robinson, 63 Tex. 580, cited by appellants, two separate and distinct conversions were alleged by different parties and recovery was sought jointly against all of them. In that case a recovery against one party would have precluded a recovery against the other, and so it was properly held that there was a misjoinder of parties defendant and of causes of action.

In Hays v. Perkins, 22 Tex. Civ. App. 200, 54 S. W. 1071, where it was held that there was a misjoinder of causes of action and parties defendant, recovery was sought jointly upon two distinct libels by different parties at different times. We do not think these cases are in point in the instant case.

[2] The petition in the instant case alleges that both appellants were engaged in interstate commerce. If so, it shows a cause of action against both under the federal law. It also alleges in the alternative that both appellants were engaged in intrastate commerce. If this is true, both parties are liable jointly under our state law. The evidence shows that the Katy was engaged in interstate commerce, and that the Central was engaged in intrastate commerce, but the essential fact to be determined is: Were both defendants guilty of the same wrong, resulting in the same injury to the same party? The court applied the rules of the federal law to the Katy, and the rules of the Texas law to the Central. We do not think that it can make any difference if, after each defendant has had the benefit of all the rules of law to which it is entitled, the fact is found that both are liable for a joint act of negligence.

Appellants cite in support of their contention as to misjoinder the case of Railway Co. v. Strange, 156 Ky. 439, 161 S. W. 241, in which it is stated that the federal law differs from the state law: (a) As to parties; (b) as to fellow servant; (c) as to assumed risk; (d) as to contributory negligence; and (e) as to limitation. We deem these differences immaterial in determining liability in the instant case, for the reasons: (a) This suit was brought by the only party who could have maintained it; (b) it was not claimed that the injury was caused by a fellow servant; (c) the jury found that there was no assumed risk; (d) and that there was no contributory negligence; and (e) limitation is not pleaded.

If the findings of the jury are sustained by the evidence and no error was committed in receiving or rejecting the evidence, or in the charge of the court, we do not see why appellants should be heard to complain because one of them was guilty of negligence under one law and the other was guilty of the same negligence under another law. The essential fact alleged is that both were jointly guilty of negligence as to the same act, which resulted in the same injury at the same time to the same party.

If there was any theoretical error by reason of the fact that liability might have been different under the federal law and under the state law, practically there was no error in this case, for the reason that the facts which might have created such difference did not, as shown by the findings of the jury, arise in this case. "A judgment is not to be reversed for an error by which the plaintiff in error cannot have been prejudiced." Railway v. Kerse, 239 U. S. 576, 36 Sup. Ct. 174, 60 L. Ed. 448, citing Greenleaf v. Birth, 5 Pet. 132–135, 8 L. Ed. 72, 73; Fidelity Co. v. Courtney, 186 U. S. 342–351, 22 Sup. Ct. 833, 46 L. Ed. 1193–1198.

[3] Error is assigned upon the judgment of the court for the alleged reason that, the ap-

pellee not being in the employ of the Central Railroad, he was as to it only a licensee, and it did not owe him the duty to furnish him with a safe track and roadbed for him to work for his employer. The interlocking plant having been erected jointly by the Central and the Katy for their mutual use and benefit, and the Central knowing that the track of the Katy would be used in the manner in which it was being used at the time of the injury, it was under the same obligation to maintain the place where the injury occurred in a safe condition for the Katy's employés as it was as to its own employés. Railway Co. v. Beasley, 106 Tex. 160, 155 S. W. 183, 160 S. W. 471.

[4] Appellants assign error in the refusal of the court to permit the witnesses Smith, Atchison, Prewitt, and Worthington, who were shown to be experts in railroad building, to testify that they knew the condition of the track where appellee was injured at the time of such injury, and that exposing the rods in the manner shown would not constitute any defect or insufficiency in the roadbed or track of the Katy Railroad, either as affecting the operation of trains on the track of said company, or as affecting employés in the discharge of their duty in the operation of trains over said track. In other words, it was sought to prove by these witnesses that, in their opinion, the exposure of the rods in the manner shown by the evidence did not constitute negligence. This was a fact to be found by the jury, and, there being no dispute as to the manner in which the rods were exposed, or the condition in which the track by reason thereof was maintained, the jury were in a position to determine the fact of negligence as well as expert railroad builders, and we do not think that said testimony would have aided them in determining such fact.

From a careful examination of the testimony and the photographs sent up with the statement of facts, it appears to us that leaving the rods exposed in the manner they were and at the place where they were situated was so obviously dangerous and so unnecessary that no other conclusion except that of negligence could have been arrived at by the jury had said expert testimony been admitted.

In Railway Co. v. McDade, 191 U. S. 67, 24 Sup. Ct. 25, 48 L. Ed. 100, the court said:

"It is so simple a task, one so devoid of all exigencies of expense, necessity, or convenience, so free of any consideration of skill, except that of the foot rule, and so entirely destitute of any element of choice or selection, that not to make such a construction safe for the brakeman on the trains is a conviction of negligence."

We think these observations pertinent to the instant case in the matter of leaving the rods uncovered.

It is objected that the fifth paragraph of the court's charge is erroneous, in that it is a general charge, and that the case was submitted on special issues. And the same objection is made to the seventh paragraph of the charge. We do not think that the charge is subject to this criticism. The fifth paragraph simply informs the jury that a railroad company is liable for negligence under the federal law, and that the Katy is being tried under that law. It does not submit any hypothetical state of facts upon which a verdict might be rendered for or against the appellee. The seventh paragraph amounts to no more than a definition of negligence, and is a correct statement of the law in that regard.

[5] Error is assigned in the refusal of the court to submit the following special issue:

"Is it usual and customary for railway operators throughout the country in constructing standard interlocker devices to leave the pipes or rods uncovered where the same pass across and under the track for as great a distance outside the rails as the pipes or rods in question were uncovered."

We overrule this assignment of error. It is no defense to negligence that others have been negligent in like manner. The issue of negligence must depend upon the facts of the particular case, and not upon what others may or may not have done. Railway Co. v. Smith, 87 Tex. 358, 28 S. W. 520, Lawson v. Compress Co., 162 S. W. 1023.

The other assignments of error have been examined, and we have reached the conclusion that none of them show reversible error.

No error appearing of record, the judgment of the trial court is affirmed. Affirmed.