### INTERNATIONAL–GREAT NORTHERN R. CO. v. McGINTY et al.  (No. 8938.)

Court of Civil Appeals of Texas. Galveston. Dec. 5, 1927.

1. **Action** ☞50(6)—There was no misjoinder in petition charging joint liability against railroad and another for injury to mules, though proof and judgment showed railroad alone responsible.

There was no misjoinder in petition charging joint liability against railroad and another for injuries to mules, though proof showed and judgment decreed that railroad company alone was responsible, where allegations of petition, both as to such parties and cause of action alleged against each, were in alternative, with prayer in like manner following on each.

2. **Animals** ☞27—Exclusion of contract between defendants, having no reference to work out of which injuries to hired mules arose, held not error.

In action against railroad and another for injuries to mules hired, exclusion of contract between railroad and its codefendant *held* not error, where undisputed testimony showed that it had no reference to piece of work out of which injuries arose.

3. **Appeal and error** ☞731(5)—Assignment that verdict was contrary to evidence and not supported by evidence held too general.

Assignment of error that verdict of jury was contrary to uncontroverted evidence adduced on trial and was not supported by evidence *held* too general and not entitled to consideration.

4. **Animals** ☞27—Negligence in driving hired mules down steep decline held proximate cause of injuries caused by scraper blades falling on mules' legs.

Negligence of railroad company, whose mule drivers violated directions of superiors by driving hired mules down steep decline with blades of scrapers turned towards animals, *held* proximate cause of injuries to mules caused by blades falling down on their legs as they were being so driven.

Error from Grimes County Court; Ralph W. Barry, Judge.

Action by R. N. McGinty against the International-Great Northern Railroad Company and others. Judgment for plaintiff, and named defendant brings error. Affirmed.

Andrews, Streetman, Logue & Mobley, of Houston, and A. H. Spann, of Navasota, for plaintiff in error.

H. L. Lewis, of Navasota, for defendants in error.

GRAVES, J. While no opinion is required of this court in this cause, for the guidance of counsel the general grounds upon which its judgment is based may be thus stated:

The judgment below, pursuant to a jury's verdict, awarded R. N. McGinty $495 for injuries to three mules, owned and controlled by him, resulting as from the negligent use of the mules by the railroad company, its agents and employees, while they were under hire by it in doing some construction work upon its roadbed.

The issues raised by the pleadings and evidence were submitted to the jury, in response to which they found, first, that the railroad company, through its agents, did hire or rent the three mules; second, that the injury to them was occasioned by and due to its negligence; and, third, that J. H. Hydrick did not individually hire or rent the mules, nor did he cause or occasion by his negligence the injury to any of them.

The railroad company attacks the judgment so grounded upon the contentions (1) that there was a misjoinder of parties and causes of action in the pleadings of the plaintiff below; (2) that the purported contract between it and J. H. Hydrick of date May 9, 1921, was wrongfully excluded from the evidence; (3) that the verdict was contrary to the uncontroverted evidence adduced upon the trial; (4) that no evidence was adduced showing negligence upon the railroad's part that caused the injuries complained of; (5) that there was no evidence showing that the acts of negligence alleged against the railroad company were the proximate cause of the injuries charged. After a careful examination of the record and the statement of facts, we conclude there is no merit in any of these contentions.

[1] 1. The claim of misjoinder rests upon the assertion that the trial petition merely charged a joint liability against the railroad company and J. H. Hydrick, whereas the proof showed and the judgment decreed that the railroad company alone was responsible; this is a misconception of the purport and effect of the pleadings. It is true that the railroad company and Hydrick were joined as defendants, but the allegations of the petition both as to such parties and the cause of action alleged against each were in the alternative, with the prayer in like manner following upon each, and, under these circumstances, there was no misjoinder. Railway Co. of Texas et al. v. Grimes (Tex. Civ. App.) 196 S. W. 693; Railway Co. v. Heard (Tex. Civ. App.) 91 S. W. 373.

[2] 2. Neither was there error in the exclusion of the contract referred to. The undisputed testimony was that it had no ref-

erence whatever to the piece of work out of which these injuries arose.

[3] 3. The assignments of error and the subjoined propositions attempting to raise the third contention being merely that "the verdict of the jury was contrary to the uncontroverted evidence adduced on the trial of this cause and was not supported by the evidence" is too general and not entitled to consideration, but, if it were considered, it could not be sustained, as there is ample evidence supporting each finding the jury made.

4. The same conclusion must follow the claim that no acts of negligence on the part of the railroad company were shown, and that none of its acts proximately caused the alleged injuries. It is deemed unnecessary to catalogue the testimony upon these features. The dominating issue before the jury upon the whole case was whether or not the railroad company actually hired and used the mules in the work it was doing, or whether its codefendant, J. H. Hydrick, individually did so, and that was so overwhelmingly settled against the railroad company that the matter is not debatable.

[4] It is equally clear that acts of negligence attributable to the company furnished the proximate cause of the injuries recovered for; it was conclusively shown that its drivers used the mules in the wrong way and in violation of the directions of their superiors, driving them down into the ditch they were working upon by a very steep way and with the blades of the scrapers the animals were hitched to turned toward them, when the proper method would have been to use the road provided for getting down into the ditch and to reverse the scraper blades by turning them away from the mules. The injuries were caused solely by these blades falling down upon the legs of the mules as they were being driven by these employees down this steep decline, not by any disconnected acts of the animals themselves.

Neither is any fundamental error shown, as the plaintiff in error's supplemental brief suggests.

The trial court's judgment will be affirmed.

Affirmed.