Jennie Walz Turner filed this suit in the district court of El Paso county, Tex., on May 6, 1918, against her husband, Lewis Maney Turner, alleging that she was a resident citizen of Los Angeles county, Cal., and defendant resided in El Paso county, Tex.; that she and defendant were married in El Paso county on September 16, 1899, and lived together as husband and wife until one year ago, when they separated; that while they were living *Page 134 
together as man and wife they acquired certain real property situate in El Paso county, Tex., which was the community property of the parties; a description of this property was given in the petition; that on April 30, 1918, she instituted a suit for divorce against the defendant by filing her petition in the superior court of Los Angeles county, Cal., which court has jurisdiction over said suit, and that the suit is still pending and undisposed of; that she had been informed and believed and charges that defendant, since their said separation, had disposed of real estate in said El Paso county, which was community property of herself and the defendant, other than the real property described in the petition, without her knowledge or consent; and she further alleged and charged that the defendant during the pendency of the suit for divorce is liable to, and she fears that he will, dispose of or contract debts on account of the community property mentioned in the petition. She prayed for a writ of injunction restraining the defendant from contracting any debts on the account of said community property, and restraining him from disposing of said property during the pendency of the divorce suit. She further prayed that defendant be required to file in court in this suit an inventory of all real and personal property in his possession, and that same be appraised, and that on final hearing the property described in the petition and all community property be partitioned between the plaintiff and defendant, as their interests might appear. A temporary writ of injunction was issued restraining the defendant from contracting any debts on account of the community property described in the petition, and restraining him from disposing of the same during the pendency of the divorce suit. From the order granting this injunction, this appeal is prosecuted. It is contended by appellant that a wife cannot bring suit against her husband except in a divorce proceeding, or for the protection of her separate estate, and therefore the present suit cannot be maintained. This is the general rule as is recognized and declared in the following cases: De Trevino v. Trevino, 63 Tex. 650; Dority v. Dority,96 Tex. 215, 71 S.W. 953, 60 L.R.A. 941; Swearingen v. Swearingen,165 S.W. 16; Borton v. Borton, 190 S.W. 192. However, in our opinion, the rule contended for is not applicable in this suit. In a divorce suit where there is a community estate there are two issues involved, namely, whether the bonds of matrimony shall be dissolved, and, if so, then a settlement of the property rights. Article 4634, R.S.
The wife has the undoubted right to sue her husband for a divorce and division of the community estate. This necessarily means that she has the right and power to institute and maintain any ancillary proceeding necessary to enable her to obtain the complete relief to which she is entitled. In the case at bar, the courts of Texas are without jurisdiction of the suit for the dissolution of the marriage contract. The courts of California only can grant that relief. On the other hand, the courts of California have no power to divide the community real estate of the parties situate in El Paso county, Tex. The courts of Texas only can do that. It is therefore apparent that in order to obtain the complete relief to which she may be entitled Mrs. Turner must resort to the courts of both California and Texas. This suit is ancillary to the suit in California, and since she has an undoubted right to sue her husband for divorce and division of the community property, she may therefore bring the suit for divorce in the proper court of California, and as ancillary thereto maintain in the proper court of Texas a suit for a division of the community real property.
In our opinion, there is statutory authority for the institution and maintenance of this suit by Mrs. Turner, and which warranted the court below in making the order from which this appeal is prosecuted. Articles 4638 and 4639, R.S., read:
"Art. 4638. At any time during a suit for divorce, the wife may, for the preservation of her rights, require an inventory and an appraisement to be made of both real and personal estate which are in the possession of the husband, and an injunction restraining him from disposing of any part thereof in any manner.
"Art. 4639. Pending any suit for a divorce the court, or the judge thereof, may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable."
It will be noted that these statutes do not undertake to say that they shall be applicable only in cases where the suit for divorce is pending in the courts of Texas. Upon the contrary, they are broad enough to cover a case where the suit for divorce is pending in California. These articles give the wife the right, where she has a suit pending for divorce, for the preservation of her rights, to require the husband to file an inventory of the community property, and to have an appraisement thereof made, and to an injunction restraining the husband from disposing of any part thereof.
Mrs. Turner has applied to the courts of Texas for this relief by a proceeding ancillary to the suit for divorce pending in California, and the statutes quoted authorized her so to do. We can find nothing in the language thereof to indicate that she is to be denied the right to maintain such a suit merely because the divorce suit is not brought in the courts of Texas. It is sufficient if she has brought such a suit in the court having jurisdiction thereof. The petition shows a state of facts which warranted the court in granting the injunction sought *Page 135 
The other questions presented are regarded as without merit.
Affirmed.
WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.