VAN NESS v. VAN NESS. (No. 6233.)

(Court of Civil Appeals of Texas. Austin. Feb. 11, 1920.)

DIVORCE ⬯206 — HUSBAND PROPERLY RESTRAINED FROM DISPOSING OF PROCEEDS OF COMMUNITY PROPERTY PENDING SUIT.

In divorce action, where a wife sought to have her husband restrained from disposing of community cotton, an injunction, allowing husband to sell the cotton but restraining him from using the proceeds pendente lite, *held* properly granted as against the objections that no bond was required, and that the wife's petition failed to allege there were no community debts for which defendant might properly sell the cotton, in view of Rev. St. arts. 4638, 4639, providing that a husband may be restrained from disposing of property in his possession during divorce proceedings, and authorizing the court to make such temporary orders respecting property as are necessary and equitable.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Divorce suit by Corda Van Ness against W. I. Van Ness. From an order restraining defendant from disposing of the proceeds of certain property pendente lite, defendant appeals. Affirmed.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellant.

Baker & Weatherred, of Coleman, for appellee.

KEY, C. J. Appellee sued appellant in the district court for a divorce, and for partition of community property, consisting of about 30 acres of ungathered cotton, on the Z. A. Parker farm, in Coleman county, Tex., alleging that she is entitled to one-half thereof. She also charged in her petition that the defendant was disposing of the cotton, and refusing to deliver her any part of the same, and that he would continue to do so, and dispose of all of it before the case could be tried, unless restrained by writ of injunction from disposing of or incumbering the same. She further alleged that the defendant has no other property, and that she will be unable to collect any moneyed judgment obtained against him; wherefore, it was necessary that he be restrained by injunction from disposing of the property during the pendency of the suit. The petition was properly verified by the plaintiff.

The petition was presented to the judge of the district court of Coleman county, who granted a writ of injunction, permitting defendant to sell the cotton referred to, and deposit the proceeds in the First National Bank of Coleman county, to abide the result of the suit, and restraining him from incumbering or disposing, of the same, or any other community property, during the pendency of the suit; and the defendant has prosecuted an appeal from that order.

The case was submitted in this court upon the record and briefs of appellee; no brief at that time having been filed for appellant. Since then appellant has sent his briefs to the clerk, accompanied by a motion, asking that the same be filed, and giving an excuse for not having filed his briefs before the matter was submitted. We have concluded to permit the briefs to be filed, and have considered the case, together with briefs for both parties, and our conclusion is that the judgment should be affirmed.

But two points are made in appellant's brief. The first is that the trial judge committed reversible error in making the restraining order, without requiring the plaintiff to give bond; and, second, that the petition failed to allege that there were no community debts, to pay which the defendant had the right to sell community property; and therefore plaintiff was not entitled to the relief granted.

We overrule both of these contentions. It is provided by statute that during the pendency of any divorce suit the court, or the judge thereof, may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable, and that, for the preservation of her rights, the wife may require an inventory and appraisement to be made of both real and personal property in the possession of the husband, and an injunction restraining him from disposing of the same. R. S. arts. 4638, 4639.

In Wright v. Wright, 3 Tex. 168, the Supreme Court, in construing the statutory provisions referred to, said:

"It would seem to be imperative on the courts to issue such writ [speaking of injunctions] whenever it may be demanded by the wife. * * * It would appear that but little discretion can be exercised in determining upon the application, and that the writ, when desired, would be one of right, and would issue almost as a matter of course."

In Dickenson v. McDermott, 13 Tex. 248, the Supreme Court held that the prime object of a bond in an injunction suit is to secure the defendant from loss and damage.

While the defendant's answer contained a general denial, it was not sworn to, and therefore the court had the right to consider all the averments of the plaintiff's petition

as true, including the allegation that, unless the defendant was restrained by injunction, he would dispose of all the community property, one-half of which the plaintiff alleged she was entitled to. True it is, appellant alleges in his unsworn answer the existence of community debts in excess of the value of the community property, and that he was entitled to have the control and disposition of that property for the purpose of discharging such debts. However, according to his answer, he and the plaintiff seemed to agree that the crop of cotton referred to was all the community property they owned; and as the restraining order authorized him to dispose of that property and deposit the money in the bank, it is not perceived how he can be injured thereby. When the case is finally disposed of, if it is made to appear that the proceeds of the cotton on deposit in the bank are necessary for the discharge of community indebtedness, the trial court can make provision in the decree for it to be applied to that purpose, thereby fully protecting appellant.

For these reasons, we decline to interfere with the order appealed from, and the same is hereby affirmed.

Affirmed.