### SNEAD v. SNEAD.
### No. 9477.

Court of Civil Appeals of Texas. Galveston. Feb. 27, 1930.

Rehearing Denied April 10, 1930.

Thos. C. Turnley and E. H. Cavin, both of Houston, for appellant.

Brantly Harris and David Watkins, both of Houston, for appellee.

GRAVES, J.

This appeal is from an interlocutory order in a divorce suit between the parties, restraining the appellant—by way of temporary injunction—from disposing of certain property alleged, in the main petition, to be the community property of the appellee and himself by virtue of a common-law marriage between them, with alternative averments in hæc verbis:

"That if this plaintiff be mistaken on the question of law as to what constitutes common-law marriage, this plaintiff alleges that the property above described was acquired through her efforts and through her earnings; that the property was placed in the name of Charles Guy Harvey Snead, that she was to have all the interest in and to all of said property; that he would hold same in trust for her and that the said defendant has attempted to dispose of said property in breach of said trust and for the purpose of defrauding this plaintiff.

"And plaintiff brings this action for an accounting for receivership and for possession and title to all of the above described property."

Appellant answered by motions to dissolve and pleas in abatement, in effect charging that: (1) The court was without jurisdiction because appellee had not been a bona fide resident of Galveston county for the six months next preceding the filing of her suit—having only moved thereto on September 10, 1929, before suing in the district court thereon December 5, 1929. (2) There had been in fact no common-law marriage existing between the parties at the time claimed. (3) There was a misjoinder of causes of action, in that the appellee first sought the restraining writ on the allegation that the property involved was the community estate between them—acquired by their joint earnings while husband and wife under a common-law marriage, while by amendment she charged it to be hers individually because bought with her means exclusively, and to have been held by him merely in trust for her.

The appeal challenges the overruling of these several defensive claims, and the entry of the order notwithstanding.

The question of whether the appellee had resided in Galveston county for the six months next preceding the filing of her suit for divorce was purely one of fact, and the trial court's finding that she had will not be disturbed upon appeal, if there was sufficient support in the evidence to sustain it; on examining the statement of facts, we conclude that there was; indeed, the appellant, although called as a witness by the appellee, never testified that their stay in Houston together, within less than six months before the suit was filed by her at Galveston, had been other than a mere temporary visit with their fixed residence at Galveston all the time, as she testified was the case.

The same thing must be said in the circumstances, as to whether or not there was a common-law marriage. Undoubtedly, we think, the evidence was amply sufficient to support the trial court's finding that it existed as charged, and that ended the controversy. In this connection, however, the appellant misconstrues the purport of the quoted alternative allegation in the petition for the writ of injunction; there was no averment of antagonistic facts, but only that, if what had been charged in that respect did not legally constitute a marriage under the common-law and so make the property the common gains of the two as husband and wife, then the fact that it has been acquired by her efforts while living with him as his putative wife made it her property in his hands as trustee. This was clearly permissible under our Texas practice. Closner & Sprague v. Acker (Tex. Civ. App.) 200 S. W. 421; Craig v. City of Dallas (Tex. Civ. App.) 20 S.W.(2d) 155; Hudmon v. Foster (Tex. Com. App.) 231 S. W. 346; Missouri, K. & T. Ry. Co. v. Grimes (Tex. Civ. App.) 196 S. W. 691; Paul v. Sweeney (Tex. Civ. App.) 188 S. W. 525; St. Louis S. W. Ry. Co. v. Hengst, 36 Tex. Civ. App. 217, 81 S. W. 832.

Under the appellee's pleadings and the proof, however, the issuance of the order would not have been beyond a sound discretion of the trial court, we think, even had she neither shown her six months' residence in Galveston county nor the existence of the common-law marriage, she and the property affected being in Galveston county, fraud on appellant's part in disposing of it—whether

belonging to a community or held in trust—being charged, and there being supporting evidence. Coss v. Coss (Tex. Civ. App.) 207 S. W. 127; Dillon v. Dillon (Tex. Civ. App.) 274 S. W. 217; Harkness v. Harkness (Tex. Civ. App.) 1 S.W.(2d) 399; Kinlow v. Kinlow, 72 Tex. 639, 10 S. W. 729; Skeen v. Skeen (Tex. Civ. App.) 190 S. W. 1118; Turner v. Turner (Tex. Civ. App.) 204 S. W. 133.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal.

The judgment will be affirmed.

Affirmed.