**DYER et al. v. DYER.**

No. 12103.

Court of Civil Appeals of Texas. Dallas.

Oct. 26, 1935.

S. L. (Jack) Lewis, of Dallas, for appellants.

Allen & Allen and E. G. Moseley, all of Dallas, for appellee.

BOND, Justice.

This is an appeal from an order refusing to dissolve a temporary injunction preserving the status quo of property involved in a divorce suit brought by the appellee, Helen Dyer, against the appellant Lyman L. Dyer, and impounding a portion of his salary to abide a final decree in the case. The Lone Star Gas Company was brought into the suit merely to impress upon it an office in the nature of a trustee to effectually impound the salary.

It is a settled rule in this state that the power conferred upon a district court in a divorce suit is a broad one, and, on a proper showing, the court or judge thereof may make all necessary orders respecting the property and parties, and such proceedings are not dependent upon the prerequisites in respect of notice and hearing, as is proper and essential generally in other actions. Such temporary orders may be made with or without notice and with or without application therefor. Crawford v. Crawford (Tex. Civ. App.) 163 S. W. 115; Reum v. Reum (Tex. Civ. App.) 209 S. W. 760; Childress v. State Trust Co. (Tex. Civ. App.) 32 S. W. 330; West et al. v. Herman et al., 47 Tex. Civ. App. 131, 104 S. W. 428.

Article 4636, Revised Statutes 1925, declares that: "Pending suit for a divorce the court, or the judge thereof, may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable." Where it appears to the court or judge to be necessary, in order to preserve the property involved in a divorce suit, or where the property is in danger of being lost, removed, or materially injured, or is of such character as may be placed beyond the reach of the court to abide the final decree in the case, or where the court or judge has made an order for an allowance of alimony to the wife, it becomes the duty of the district court or the judge, in the exercise of the broad discretionary power, to make pertinent temporary orders as shall be deemed nec-

essary and equitable until a final decree shall be made in the case.

In line of duty, the judge of a district court of Dallas county, Tex., allowed the plaintiff alimony in the sum of $56.25 per week for her maintenance during the pendency of a divorce suit, and made an order, from which this appeal is directed, providing "that the clerk issue a temporary restraining order * * * restraining the defendants, Lyman L. Dyer and the Lone Star Gas Company, and each of them, from in any manner disposing of the property of plaintiff and defendant, rights, stocks, bonds, assets, money or salary, and the payment of the same, or any part thereof, to the said Lyman L. Dyer, or the use and disposition by him thereof, upon the plaintiff giving bond in the sum of One Hundred ($100.00) Dollars, conditioned as required by law." Subsequently, the judge amended the order to provide: "In so far as applies to the said defendant, Lone Star Gas Company, * * * the said defendant, Lone Star Gas Company, may pay over to the defendant, Lyman L. Dyer, all of his salary excepting the amount of $56.25 each week, which it, the said defendant, Lone Star Gas Company, shall hold in its possession, subject to the further orders of this court."

[3] The restraining order makes no provision for a hearing, nor does it limit its effect as to time, and must be classified as a temporary injunction. Scarborough v. Connell (Tex. Civ. App.) 84 S.W.(2d) 734. The salary of the defendant, as an employee of the Lone Star Gas Company, is shown to be $612.50 per month. We think, in making the order, preserving the property in controversy, impounding a portion of the defendant's salary and allowing the balance to be paid to the defendant, the judge, in recognition of the controversy involved in the suit, as to the existence of a valid and subsisting marriage between the parties, did not determine the right of the parties to the property impounded, or make application thereof to the payment of the alimony allowance to the wife.

▆▆ The law of this state permits the granting, in the sound discretion of the judge or court, after due notice, temporary alimony to the wife sufficient for her maintenance during the pendency of a divorce suit (R. S. art. 4637). The pendency of a suit for divorce and the existence of a marriage, therefore, are essential elements to the exercise of this broad discretionary power of the court. In the event that there is not a valid and subsisting marriage, it follows, as a matter of course, that there may be no alimony or divorce. It, therefore, is basic that marriage must be proved, and having been proved, must be concurred in by the trial court that a valid and subsisting marriage exists between the parties, before the court or judge may order temporary alimony for the wife and direct its payment out of the earnings or means of the husband. The order allowing alimony is interlocutory, for which there is no appeal.

▆ The crux of this controversy is the validity of a divorce decree granted to the defendant in a district court of the state of Nevada. This controversy is determinable on final trial to the satisfaction of the court; thus the temporary injunction, preserving the property in status quo and impounding a portion of the defendant's salary and releasing the balance to the needs of the defendant, is clearly made to abide the ultimate determination of the issues evoked in the divorce suit. It follows, therefore, that, if it should be determined ultimately that there exists no marriage, then no right to the plaintiff exists in the impounded funds; on the other hand, if it should be determined that there exists a marriage between the parties and the divorce decree of the foreign state availeth nothing, then the right to the fund may be determined as the court may deem necessary and equitable between the parties; and, on a pronouncement of a decree of divorce, order a division of the estate of the parties in such a way as the court shall deem just and right.

The law having confided within the sound discretion of the judge to preserve the status of the estate in a divorce suit, and to impound a sufficient sum of the defendant's means to satisfy the ultimate orders and decrees of the court, we are unable to find anything in the record to warrant this court to set aside the order refusing to dissolve the injunction, thereby leaving the property of the parties under the control of the court pending a final determination.

We have carefully considered all of the appellants' assignments of error questioning the action of the judge in overrul-

ing the demurrers, pleas in bar, and rejection of proffered testimony, which would be germane on appeal on final trial of the case; but, in the view we take on this appeal, the assignments present no error, therefore, are overruled.

The judgment is affirmed.