### ROBBINS v. ROBBINS.

No. 13680.

Court of Civil Appeals of Texas. Fort Worth.

May 7, 1937.

Oscar Reed, of Fort Worth, for appellant.

Homer L. Baughman, of Fort Worth, for appellee.

BROWN, Justice.

This is an appeal from an order overruling a motion to dissolve a temporary injunction issued by the trial court, in an action for divorce, pending.

A hearing was had on such motion, but no statement of facts was brought before us in aid of the appeal.

There are two assignments of error. The first asserts that the trial court committed fundamental error in refusing to grant the motion to dissolve, because the material allegations of the petition "are without exception legal conclusions, and wholly fail to show the existence of facts entitling the plaintiff to a temporary injunction."

With this conclusion, we cannot agree.

As we view the petition, it contains material allegations of facts which, if true, gave the trial court ample authority to grant the temporary injunction.

There being no statement of facts before us, we must treat the judgment as amply supported by the material facts

alleged. We cannot say that the allegation of material facts presents a mere conclusion of law, because it is possible that the facts cannot be established by evidence.

■ The second assignment of error asserts that the trial court erred in its ruling because the plaintiff's petition discloses that she has "an adequate and accessible legal remedy."

Article 4636, R.C.S., provides that: "Pending suit for a divorce the court, or the judge thereof, may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable."

That the right to grant a temporary injunction follows this statute will not be denied. 15 Tex.Jur. p. 513, par. 57.

And the right exists even where it is made to appear that the party has an adequate remedy at law. Hunt v. Hunt (Tex.Civ.App.) 215 S.W. 228.

Under the allegations of appellee's petition, she has no adequate remedy at law, but be that as it may, the trial court's order granting the injunction comes clearly within the authority vested in the court by the quoted statute.

It follows that the judgment of the trial court must be affirmed, and it is so ordered.