## CAMERON v. CAMERON.

### No. 11549.

Court of Civil Appeals of Texas.
Galveston.

June 24, 1943.

Rehearing Denied July 15, 1943.

Biggers, Baker & Lloyd, Dallas C. Biggers, and Ralph D. Baker, all of Dallas, and Allen, Helm & Jacobs, of Houston, for appellant.

Sam D. W. Low, Jr., William H. Scott, and James V. Allred, all of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal by G. E. Cameron from two interlocutory orders by the judge of the district court of Harris County in an action brought by appellee, June Knight Cameron, against Arthur A. Cameron for divorce and for a division of their community property.

This action was filed on October 24, 1942. By amended pleadings appellee joined as parties defendant, G. E. Cameron and his wife, Stella Cameron (now deceased), the father and mother of Arthur A. Cameron, alleging that Arthur A. Cameron had transferred certain oil and gas leasehold interests in Montgomery County to them after the filing of this suit. She sought to set aside the conveyance to them of these leasehold interests and to establish a trust on said properties.

On December 22, 1942, on appellee's application a receiver was appointed to take charge of the properties of Arthur A. Cameron during the pendency of the divorce suit. The receivership order expressly excepted from the receivership the properties which Arthur A. Cameron had transferred to appellant.

On February 18, 1943, the trial court, after a hearing, issued a temporary injunction restraining certain oil companies from paying oil and gas royalties to Arthur A. Cameron during the pendency of this suit. This order expressly recited that appellant was claiming an interest in the Montgomery County properties and provided that the injunction should "not affect or apply to any payments for oil and/or gas and/or royalty from the properties in Montgomery County" claimed by appellant.

At the request of appellant findings of fact and conclusions of law were filed by the trial court.

This is an appeal from the action of the trial court in entering the two interlocutory orders above referred to. Appellant contends that the trial court was without power to appoint a receiver or to grant a temporary injunction in this case for the alleged reason that the evidence in the case shows that appellee did not have the qualifications under the Statutes of the State, Article 4631, Vernon's Ann.Civ. Statutes, to bring this suit, in that the evidence disclosed that she had not been an actual bona fide inhabitant of the State of Texas for a period of twelve months and that she had not resided in Harris County for six months next preceding the filing of the suit.

The trial court expressly found, upon what we deem to be sufficient evidence, that "at the time of the institution of the suit, plaintiff had been an actual bona fide resident of this State for a period of twelve months, and had resided in Harris County, Texas, for six months next immediately preceding the filing of her petition." The court concluded as a matter of law that the appellee had the capacity to maintain this suit, and that it had jurisdiction of the receivership and injunction matters involved therein.

The sole question to be determined in the appeal is whether there is sufficient evidence in the record to support the above findings of the trial court.

The record shows that the trial court arrived at the above finding as to appellee's qualifications to bring this action after a thorough hearing of the facts. While the testimony is conflicting there is ample evidence, we think, to establish the fact that appellee and Arthur A. Cameron had maintained their residence in Houston, Texas, from the date of their marriage in 1938 until the date of the filing of this action in October, 1942, and that Arthur A. Cameron had maintained his office and conducted his business from his Houston office up to the time of the granting of said receivership.

On October 5, 1942, Arthur A. Cameron sued appellee for divorce in the district court of Harris County. His petition contained the usual statutory averments as to his residence in Harris County, Texas. That divorce suit was dismissed on November 19, 1942. On November 24, 1942, five days later, appellee filed this suit for divorce and for a division of the community property.

The trial court found, upon what we deem to be sufficient evidence, that when Arthur Cameron learned of the filing of this suit and of the issuance of said restraining order he left Dallas for parts unknown and that appellee has not been able to procure service of citation upon

982

him though she has used all due diligence in attempting to do so.

On February 8, 1943, Arthur Cameron filed suit against appellee for divorce in Pulaski County, Arkansas, alleging a residence there for a period of sixty days.

Appellee testified that she and Arthur Cameron had been residents of Houston, Texas, from the date of their marriage in 1938 up to the time of the filing of this suit. She testified that they had built a residence in Evansville, Indiana, prior to the filing of this suit, but that it had been built as a place in which to entertain their friends and that they had lived in it for only one month, but that neither she nor Arthur Cameron had at any time intended to live permanently in any other state than Texas.

■ It is the established law in this State that, in a non-jury trial, where there is evidence in the record to support the findings of the trial court, the findings have the same force as a verdict of the jury on the facts found, and a reviewing court must affirm the trial court's judgment in the absence of substantial error. Carpenter & Joiners Union of America, etc. v. Ritter's Cafe, Tex.Civ.App., 149 S.W.2d 694, error refused, certiorari granted 314 U.S. 595, 62 S.Ct. 111, 86 L.Ed. 480, affirmed 315 U.S. 722, 62 S.Ct. 807, 86 L.Ed. 1143, and cases there cited.

It follows that appellant's contention in this regard must be overruled.

■ Under this court's holding that appellee was qualified to file this action for a divorce under the broad powers granted by Article 4636, Revised Statutes of 1925, which provides that, "Pending suit for a divorce the court, or the judge thereof, may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable," the trial court was authorized· to both appoint a receiver to take charge of Arthur Cameron's properties (Crawford v. Crawford, Tex.Civ.App., 163 S.W. 115; Kinsey v. Kinsey, Tex.Civ.App., 77 S.W.2d 881; Hursey v. Hursey, Tex.Civ.App., 147 S.W. 2d 968) and to grant the temporary injunction involved here for the purpose of preserving the community property pending the divorce suit (Robbins v. Robbins, Tex.Civ.App., 105 S.W.2d 406; Dyer v. Dyer, Tex.Civ.App., 87 S.W.2d 489; Daken v. Daken, Tex.Civ.App., 53 S.W.2d 682),

and since appellant herein does not question either the pleadings or the facts under which the two interlocutory orders appealed from were granted, his only complaint being that appellee was not qualified to file or maintain this action, and since no final judgment has been entered herein this appeal from the two interlocutory orders of the trial court must be dismissed. It is so ordered.

Dismissed.