SAMUEL JOHN JANELLI V. HONORABLE
JOEL R. BOND ET AL.

No. A-2343. Decided January 4, 1950.
(225 S. W., 2d Series, 824.)

*George Sergeant* and *Sarah Daniels,* both of Dallas, for petitioner.

*White & Yarborough* and *John White,* all of Dallas, for respondent.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

■ This is an original mandamus proceeding by relator, Samuel John Janelli, to compel the Court of Civil Appeals for the Fifth District to certify to this court two questions in a cause in which the plaintiff below and a respondent here, whose name or alleged name is Mrs. Lu Ella Janelli, sued relator for divorce and a division of property, asserting as one of her essential allegations that she was relator's wife by virture of a ceremonial marriage. Pursuant to the prayer in the petition, and without notice to relator, the trial court granted an order under Article 4635 of Title 75, Vernon's Annotated Civil Statutes, requiring relator to furnish an inventory and appraisement of property in his possession and, as authorized by the same statute, a temporary restraining order against disposition of his property. Relator answered, denying existence of a marriage with Mrs. Janelli. He also moved to rescind the order for inventory and appraisement. Upon an extended hearing of this latter motion and Mrs. Janelli's motion to convert the restraining order into a temporary injunction, the marriage issue was the, and evidently the only, issue made. There was apparently an abundance of persuasive evidence against existence of the alleged marriage and little evidence to the contrary except Mrs. Janelli's assertion that the ceremony had occurred at a certain time and place. The trial court, while disclaiming to rule finally on the issue, apparently found there was some evidence of a marriage and for this reason entered a decree granting the temporary injunction and continuing in effect the order for an inventory and appraisement. From this decree relator appealed to the Court of Civil Appeals for the Fifth District which—over the dissent of Associate Justice Young—held in effect that because of the overwhelming evidence against the alleged marriage, the interlocutory decree appealed from was not one issued in a divorce proceeding under Article 4635, supra, as to which no appeal is expressly provided, but was necessarily one granted under the provisions of Title 76 of the statutes (relating to injunctions generally) and therefore appealable under its Article 4662 which provides for appeals from temporary injunctions granted "under any provision of this Title." The court therefore took jurisdiction of the appeal, reversing the case and remanding it with instructions to set aside the orders in question and, in the event the evidence on the marriage issue should on further hearing not be materially different from that already presented, to dismiss plaintiff's suit. 216 S. W. (2d) 587. Mrs. Janelli's application for writ of error was dismissed for want of jurisdiction upon the theory that the case was one of divorce. (147 Texas 662). Thereafter, as Mrs. Janelli still had pending in the Court of Civil Appeals

a motion to certify questions to this court, the former reconsidered the case and, the membership of the court having meanwhile changed, reached a contrary result, with Chief Justice Bond dissenting. The majority opinion, while stating that the trial court did not abuse its discretion in granting the decree in view of all the evidence, proceeded, under authority of Beckler v. Beckler, Tex. Civ. App., 114 S. W. (2d) 618, to dismiss the appeal on the ground that the decree was not appealable, because issued under Title 75, supra, rather than under Title 76. 220 S. W. (2d) 255. Relator's ensuing application to this court for writ of error, like the earlier one of Mrs. Janelli, was dismissed (147 Texas 662) on the theory that the case was one of divorce, and his motions in the Court of Civil Appeals to certify questions to this court were in due course overruled. The present mandamus proceeding followed, and, in the light of the dissent below, we granted leave to file and argue the petition. Rule 463, T. R. C. P.; Simpson v. McDonald, 142 Texas 444, 179 S. W. (2d) 239.

The questions sought to be certified are:

"(1) Is a suit denominated one for divorce and division of property, one of property rights only, where the evidence on preliminary hearing discloses no marriage; and

"(2) Is a Plaintiff who has plead a marriage and failed to prove it (where denied) entitled to interlocutory orders of temporary injunction and requiring the filing of an inventory."

An intelligent application of the equitable principles underlying the remedy of mandamus to a case like the present requires us to consider various matters aside from the answers to the questions sought to be certified and including the correctness or incorrectness of the holding below. Simpson v. McDonald, supra. It is plain that the point of dissent below was whether the court had jurisdiction of the appeal. Both the majority and dissenting opinions below appear to have proceeded on the major premise that the Court of Civil Appeals' decision in Beckler v. Beckler, supra, was correct in holding that a temporary injunction like that here involved was not appealable if the case is one of divorce. The majority view seems to be that if on the evidence—as reviewed and considered by the appellate court— the trial court did not act arbitrarily in treating the case as one of divorce, then the appellate court should treat it as one of divorce and dismiss the appeal. The dissent apparently asserts the right of the appellate court, for purposes of determining its jurisdiction of the appeal, to examine the evidence without

reference to the trial court's conclusions therefrom and, if it finds no evidence supporting the allegation of marriage, to accept jurisdiction as it would in a dispute between strangers over property rights and accordingly to reverse the trial court order as without support in the evidence or for such other cause as might appear.

■ In our own view, the decree in question—aside from the part concerning the inventory and appraisement—was appealable regardless of whether the evidence should be taken as indicating a true divorce proceeding or something different, because temporary injunctions granted or refused under Article 4635, supra, are appealable like any other.

The provision of article 4662 that the temporary injunction appealed from shall be one granted "under any provision of this title" (76) must be considered in the light of other provisions of the same title. The very first of these—article 4642—purportedly grants to courts the power to issue injunctions generally and specifies the grounds therefor. Presumably any injunction authorized by that article is one granted under the "provisions of this title" quite as much as one granted under one of the subsequent articles of the same title, which are grouped under the heading "In Particular Cases" and obviously deal with only a few of the many instances in which injunctive relief would be appropriate. Paragraph 3 of article 4642 expressly permits injunctions "where the applicant shows himself entitled thereto under the principles of equity, *and the provisions of the statutes of this State relating to the granting of injunctions.*" (Emphasis supplied.) From this language any temporary injunction granted "under the principles of equity" is considered appealable under article 4662 as granted "under any provision of this title." The same conclusion would seem to follow with respect to an injunction grounded on one of "the statutes of this State," even though that statute (like "the principles of equity") be found elsewhere than in Title 76. The fact that, as suggested in Wright v. Wright, 3 Texas 168, 175, and Hagerty v. Harwell, 16 Texas 663, the right of the parties to interlocutory relief under articles 4635 et seq., of Title 75 may be more absolute than corresponding rights under general equitable principles, seems to bring article 4635 all the more clearly within the terms of article 4642 above quoted and therefore within the words of article 4662 "under any provision of this title."

Following the enactment of article 4662 in 1907 as section

2 of Chapter 107, Acts 30th Leg., p. 206 (section 1 of the same act being substantially the same as the present article 4642) the Court of Civil Appeals held in Turner v. Turner, 47 Texas Civ. App., 391, 105 S. W. 237, that an appeal lay from a temporary injunction granted under the then counterpart of article—4635 which—like the latter today—was part of the divorce statutes and not in the same title with article 4662. Since that decision, the Courts of Civil Appeals, under substantially the same statutory situation, have entertained and decided appeals on the merits under article 4662 from orders relating to temporary injunctions in the following divorce cases: Swearingen v. Swearingen, Tex. Civ. App., 165 S. W. 16, writ dismissed; Turner v. Turner, Tex. Civ. App., 204 S. W. 133, writ dismissed; Rudasill v. Rudasill, Tex. Civ. App., 206 S. W. 983; Van Ness v. Van Ness, Tex. Civ. App., 218 S. W. 1076; Snead v. Snead, Tex. Civ. App., 27 S. W. (2d) 268; Dakan v. Dakan, Tex. Civ. App., 53 S. W. (2d) 682; Dyer v. Dyer, Tex. Civ. App., 87 S. W. (2d) 489; Witt v. Witt, Tex. Civ. App., 205 S. W. (2d) 612. In the two cases last above cited, the courts dismissed the appeals as to other orders but retained jurisdiction of the orders relating to temporary injunctions. In Beckler v. Beckler, supra, relied upon below as authority for a contrary view, none of the decisions cited in the opinion support its conclusion; the only citation relating to an injunctive order in a divorce case, Dyer v. Dyer, supra, holding that such an order is appealable. The only decision in accord with Beckler v. Beckler is Cameron v. Cameron, Tex. Civ. App., 172 S. W. (2d) 980, which cites no authority for its holding.

While this court has not heretofore passed on the question, we think Turner v. Turner, supra, and the other Civil Appeals decisions which follow its course are based on sound principle and should prevail over Beckler v. Beckler and Cameron v. Cameron. There appears to be no substantial reason of legislative policy to limit appeals from temporary injunctions in divorce cases as contrasted with those in other cases, except the inconsequential one that the party restrained under article 4635 would normally have few grounds for appeal, as suggested by Wright v. Wright and Hagerty v. Harwell, supra. On the other hand the policy of solicitude for the wife expressed in article 4635 would seem to favor the right of appeal by her, should the trial court choose to refuse her an injunction.

Our conclusion finds technical support in at least two decisions of this court. Ex parte Coward, 110 Texas 587, 222 S. W. 531, held that the statutory requirement of a bond as a

condition precedent to the issuance of a temporary injunction
(formerly in article 4649 of Title 76, now Rule 684, T. R. C. P.)
applied to such an injunction in a divorce case, although the
statutes in the title on divorce made (and now make) no such
requirement. Similarly, it was held in Wright v. Wright, supra,
that the general statutory provision requiring a verified plead-
ing as a condition precedent to the issuance of a temporay in-
junction (formerly in article 4647 of Title 76, now Rule 682,
T. R. C. P.) applied in a divorce case, despite the absence of
such a requirement in the divorce statutes and the affirmative
provision of the latter exempting the defendant from answer-
ing under oath. These decisions are persuasive of the conclusion
that temporary injunctions in divorce cases are generally to be
treated as other temporary injunctions, subject to the provisions
of Title 76, including article 4662.

From the foregoing it follows that the Court of Civil Ap-
peals erred in dismissing the appeal from the temporary in-
junction. It should have taken jurisdiction and decided the pro-
priety of the injunction on its merits. The opinion might, indeed,
be construed as an attempt to do both, but the court's order
of dismissal determines its intent.

■ The first question sought to be certified is designed to settle
the dispute over jurisdiction of the appeal, but rests on the
erroneous assumption that jurisdiction depends on the char-
acter of the proceeding as one of divorce or otherwise. Since
the latter consideration is not a necessary one in determining
jurisdiction, the question is not appropriate or the answer nec-
essary to accomplish that purpose. Under such circumstances
we are not called upon to grant the extraordinary writ of
mandamus. Simpson v. McDonald, supra; 3-A Tex. Jur. (Rev.)
pp. 344, 356 and cases there cited. However, we assume that
as a result of the views here expressed, the Court of Civil Ap-
peals will reconsider its dismissal of the appeal and formally
pass upon the merits of the temporary injunction.

■ The merits are involved in the second question. However,
as stated, we cannot say that the Court of Civil Appeals has
passed on the merits, since it has dismissed the appeal, and we
are justified in assuming that it will pass formally upon them
as a result of this opinion. The point of dissent in that court
was that of jurisdiction. Moreover, the terms in which the ques-
tion is presented are so general that we are unable to determine
what effect, if any, it would have on the outcome of the appeal.
The question is therefore abstract and we are not required to
order it certified. Rule 463, T. R. C. P.; Ziegelmeyer v. Pelphrey,

133 Texas 73, 125 S. W. (2d) 1038; Moreland v. Hawley Independent School District, 140 Texas 391, 168 S. W. (2d) 660, and other cases collected in 3-A Tex. Jur. (Rev.) pp. 344, 356.

■ The foregoing applies, of course, only to the matter of the temporary injunction. Neither article 4662, supra, nor any other statute provides an appeal from an order requiring an inventory and appraisement. Since this is so, and since the order was plainly interlocutory, the Court of Civil Appeals was correct in dismissing the appeal as to it. Whether the order was valid or invalid under the evidence or otherwise, its interlocutory character makes it not appealable. Especially as to this aspect of the proposed questions, we could not properly require them to be certified. Simpson v. McDonald, supra.

The petition of relator, Samuel John Janelli, for mandamus is denied. The costs in this court, however, shall be divided equally between said relator and respondent, Mrs. Lu Ella Janelli.

Opinion delivered January 4, 1950.

No motion for rehearing filed.