Jerry Vaughn **ARCHER**, Appellant,

v.

Shirley Bales **ARCHER**, Appellee.

No. 14517.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 28, 1966.

V. F. Knickerbocker, Vern F. Martin, Midland, for appellant.

H. S. Harris, Jr., Midland, for appellee.

MURRAY, Chief Judge.

This is a divorce suit. Appellant, Jerry Vaughn Archer, is attempting to appeal from an interlocutory order overruling his plea in abatement, and further decreeing that the temporary custody of the minor child, Jerry David Archer, be granted to appellee, Shirley Bales Archer, pendente lite, or until further order of the court, and that the home and residence of appellee and the said minor child, located at 300 Mariana Street in the City of Midland, Midland County, Texas, be set aside for the sole and exclusive use of appellee and the minor, Jerry David Archer, pendente lite, or until further order of the court, and ordering appellant, Jerry Vaughn Archer, to pay the sum of $40.00 per month as temporary alimony, pendente lite, or until changed by proper order of the court.

This order is called a temporary injunction, but it is in no sense a temporary injunction—it does not enjoin anyone from doing anything—and no appeal lies from such an order.

In 20 Tex.Jur.2d, § 181, p. 517, it is stated:

"Ordinarily, an appeal does not lie from temporary preliminary orders in a divorce proceeding. They are merely interlocutory and temporary, and no appeal therefrom is provided by statute. But the portion of a judgment in a divorce action continuing in force a temporary restraining order against the doing of bodily harm to or interfering with the plaintiff wife and the children may be construed as an injunction from which appeal is authorized. And a temporary injunction restraining disposition of property is appealable, regardless of whether the underlying suit is a divorce proceeding or not.

"An order overruling a challenge to residence qualifications as related in a divorce action is a nonappealable interlocutory order. Also, an order setting aside a divorce decree and granting a new trial is interlocutory and is not appealable."

In Janelli v. Bond, 148 Tex. 416, 225 S. W.2d 824, the Supreme Court, speaking through Justice Garwood, said:

"The foregoing applies, of course, only to the matter of the temporary injunc-

tion. Neither article 4662, supra, nor any other statute provides an appeal from an order requiring an inventory and appraisement. Since this is so, and since the order was plainly interlocutory, the Court of Civil Appeals was correct in dismissing the appeal as to it. Whether the order was valid or invalid under the evidence or otherwise, its interlocutory character makes it not appealable. Especially as to this aspect of the proposed questions, we could not properly require them to be certified. Simpson v. McDonald [142 Tex. 444, 179 S.W.2d 239], supra."

In Holmes v. Holmes, Tex.Civ.App., 301 S.W.2d 677, Justice Pope, speaking for this Court said:

"The husband's plea in abatement and the plea of res judicata were prematurely urged at the hearing for temporary orders, rather than at the trial upon the merits. He has endeavored to try and terminate the case on the merits at the hearing for the temporary orders. Article 4662, Vernon's Ann.Civ.St., grants the husband the right of appeal with respect to the temporary injunctive features of the case, but not to the other interlocutory orders. The appeal on the temporary injunction in no way carried with it a right for the husband to appeal with respect to his plea in abatement and the plea of res judicata by reason of an earlier divorce action. Hastings Oil Co. v. Texas Co., 149 Tex. 416, 234 S.W.2d 389; Janelli v. Bond, 148 Tex. 416, 225 S.W.2d 824; Murray v. Murray, Tex. Civ.App., 224 S.W.2d 350; Witt v. Witt, Tex.Civ.App., 205 S.W.2d 612; Wilson v. Ammann & Jordan, Tex.Civ.App., 163 S.W.2d 660; 3A Tex.Jur., Appeal and Error Civil Cases, § 91."

See also, Wallace v. Briggs, 162 Tex. 485, 348 S.W.2d 523.

We do not have jurisdiction of this attempted appeal, therefore, it is dismissed.