**J. F. DICKSON, Appellant,**

v.

**R. P. DICKSON, Appellee.**

**No. 12187.**

Court of Civil Appeals of Texas, Austin.

Nov. 13, 1974.

James D. Stewart, Mitchell & Stewart, San Antonio, for appellant.

Roy Q. Minton, Jones, Blakeslee, Minton, Burton & Fitzgerald, Inc., Sander W. Shapiro, Clark, Thomas, Denius, Winters & Shapiro, Austin, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from certain temporary orders entered in a divorce suit. By temporary injunction, the trial court enjoined appellant husband from "going to or around the premises at 4711 East Riverside Drive, Austin," which was the location of appellant's law offices and the location from which he had conducted other business at the time this divorce suit was filed. We affirm the action of the trial court in entering the temporary injunction.

Appellant is before this Court on six points of error, all of which we overrule.

Appellant's first point is the error of the trial court in entering its temporary orders because appellee's petition was unverified. While it is true that the original petition for divorce was unverified, a verified petition under the provisions of Rule 682, Texas Rules of Civil Procedure is not necessary to support the granting of injunctive relief after a full hearing was had on the matter. Magnolia Petroleum Co. v. State, 218 S.W.2d 855 (Tex.Civ.App.1949, writ ref'd n. r. e.); O'Connor v. National Motor Club of Texas, Inc., 385 S.W.2d 558 (Tex.Civ.App.1964, no writ).

Appellant's points of error two, three and four complain that the trial court abused its discretion by entering a mandatory temporary injunction taking property out of the possession of one person and putting it in the possession of another and also by entering a temporary injunction which destroyed the status quo. Appellant's point four asserts the abuse of discretion by the trial court in entering an injunction not supported by pleadings and evidence.

By these three points of error appellant is complaining of the order of the court dividing the operation of two farms, viz, Faro Farm No. 1, in Austin and Faro Farm No. 2 in Kentucky. Appellant was awarded the right to operate the latter and appellee the right to operate and manage the former. Next, appellant complains of the granting to appellee the occupancy of the office at 4711 East Riverside Drive and the injunctive relief against appellant from going on or around the 4711 East Riverside Drive office.

■ At the outset, an appeal is not authorized from the order of the court relating to *pendente lite* control over Faro Farm No. 1 and Faro Farm No. 2. Sec. 3.58 of the Family Code, V.T.C.A., authorizes the court to "make temporary orders respecting the property and parties as deemed necessary and equitable." A non-injunctive order concerning the control and custody of separate portions of the estate of the parties during the pendency of the suit is not an order subject to review by this Court. Archer v. Archer, 407 S.W.2d 529 (Tex.Civ.App.1966, no writ). The portion of the order concerning temporary control of Faro Farms No. 1 and No. 2 is not a temporary injunction which may be appealed under the provisions of Article 4662, Vernon's Ann.Civ.St. Consequently, we dismiss this portion of the appeal as not being properly before this Court. Under this reasoning, we must also dismiss that portion of the appeal concerning the court's order relating to control of the premises at 4711 East Riverside Drive. In Texas, except where a rule or statute authorizes an appeal from an interlocutory order, there is no right of appeal therefrom. Henderson v. Shell Oil Co., 143 Tex. 142, 182 S.W.2d 994 (1944); Archer v. Archer, *supra*; Witt v. Witt, 205 S.W. 2d 612 (Tex.Civ.App.1947, no writ); 3 Tex.Jur.2d Appeal and Error—Civil Cases, § 73, et seq. (1974). Further, the fact that an interlocutory order contains elements which are, under the law, appealable, does not authorize review of elements of the order which are not made specifically appealable. Witt v. Witt, *supra*; Bloomfield Royalty Corp. v. Carco Investments, Inc., 435 S.W.2d 178 (Tex.Civ.App.1968, writ ref'd n. r. e.).

■ Article 4662, V.A.C.S., authorizes appeals from orders granting temporary injunctions entered pursuant to Sec. 3.58, Vernon's Annotated Family Code, and its predecessors (Art. 4636, V.A.C.S.). Janelli v. Bond, 148 Tex. 416, 225 S.W.2d 824 (1950). In this respect there was evidence before the court that appellant had agreed to injunctive relief against himself which enjoined him from any personal contact with appellee. The court then found that "in order to prevent severe emotional and mental duress to appellee which would cause her irreparable harm and for which she had no legal remedy the parties should be mutually enjoined from personal or other direct contact, and the court hereby further finds that allowing the two parties to maintain offices and to perform substantial work at the same premises would be inconsistent with previously defined injunctive orders. . . ." Based upon a well-developed record the Court concludes that the conduct of the two Faro Farm operations be divided between the parties, that the appellee be allowed to occupy the offices, described above, and that appellant be enjoined from going on those premises except in carefully described circumstances. The record also discloses that appellee is well-qualified to manage the property temporarily given to her control by the court. In our review of the injunctive order, we are limited to the question of whether the action of the court constitutes a clear abuse of discretion. From a review of this record, as a whole, we conclude that it was not. Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962); Florence v. Florence, 388 S.W.2d 220 (Tex.Civ.App.1965, writ dism'd).

Cases cited by appellant such as Story v. Story, 142 Tex. 212, 176 S.W.2d 925 (1944), which denied a party a temporary injunction where a trial of real property was involved, are not in point. In *Story*, the court dissolved an injunction stating that the party seeking the injunction had an adequate remedy at law. At the stage of proceedings before us, no title rights to the property in question are adjudicated and the order of the court was granted, under its broad power, to temporarily safeguard the personal values involved in the divorce action, as well as the operation of the estate pending a final division.

In his point of error number five, appellant complains that the trial court abused its discretion by entering a temporary injunction directly affecting property rights of a non-party. The non-party is a corporation, Dickson Properties, Inc., which had its office, under a lease, at 4711 East Riverside Drive. The appellant joined Dickson Properties, Inc. as a cross-plaintiff in this suit. The corporation appeared by its president and principal shareholder (appellee). The court, after extensive discussion, agreed to hear evidence in connection with the cross-action against Dickson Properties, Inc., insofar as it concerned the use of the premises at 4711 East Riverside Drive. If this corporation was not explicitly joined, we hold that it was joined by implication. Mims v. Hearon, 248 S.W.2d 754 (Tex.Civ.App.1952, no writ); Perkins v. Terrell, 214 S.W. 551 (Tex.Civ.App.1919, writ ref'd); Pelton v. Trico Oil Co., 167 S.W.2d 625 (Tex.Civ. App.1942, no writ).

In reply to appellant's point of error number six, we hold that the trial court did not err in refusing to disqualify himself from participation in the suit for either of two reasons. In the first place there has been no ruling on appellant's motion to disqualify, consequently, it may be considered waived. Rule 90, Tex.R.Civ.P.

Secondly, if there had been such a ruling, it would not be subject to interlocutory review under the cases discussed above.

The judgment of the trial court granting the temporary injunction is affirmed.

Affirmed.

O'QUINN, J., not sitting.