Warren G. WELLS, Appellant,

v.

Mary A. WELLS, Appellee.

No. 16718.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 22, 1976.

Rehearing Denied Aug. 19, 1976.

Bernard L. Chanon, Houston; Ducoff & Chanon, Houston, of counsel.

Logene L. Foster, Ronald R. Pope, Sugar Land, for appellee.

EVANS, Justice.

Mary A. Wells brought this divorce action against her husband, Warren G. Wells, who filed a cross-action for divorce. Both parties sought relief pending the final decree, and after a two day hearing the trial court entered a temporary order under date of February 26, 1976, which is the subject of this appeal.

■ This court is without jurisdiction to review those provisions in the temporary order which are not injunctive. *Dickson v. Dickson*, 516 S.W.2d 28 (Tex.Civ.App.—Austin, 1974, no writ); *Bloomfield Royalty Corp. v. Carco Investments, Inc.*, 435 S.W.2d 178 (Tex.Civ.App.—Houston [14th], 1968, writ ref'd n. r. e.).

■ The temporary order set aside to each of the parties for their use and benefit during the pendency of this action, certain sums of cash and other property. Mrs. Wells was awarded $1300.00 in cash; her jewelry, clothing and personal effects; a 1973 Ford LTD automobile and the exclusive right to operate her business known as West Park Secretariat, including the TWX machine located at her business office. Mr. Wells was awarded $1300.00 in cash; a typewriter; jewelry; a coin collection; clothing and personal effects in his possession. He was also awarded the community home in Sugar Land, Texas. The order directed that the parties' respective living expenses should not exceed $1100.00 per month, with an additional $460.00 being authorized for Mrs. Wells since she was not given possession of the home. These provisions concerned the temporary support of the parties and their disposition of cash and property during the pendency of the case; the order in this respect is interlocutory and nonappealable. *Archer v. Archer*, 407 S.W.2d 529 (Tex.Civ.App.—San Antonio, 1966, no writ); *Jones v. Jones*, 211 S.W.2d 269, 274 (Tex.Civ.App.—El Paso, 1944, no writ); *Dyer v. Dyer*, 87 S.W.2d 489, 490 (Tex.Civ.App.—Dallas, 1935, no writ). Neither are the provisions in the temporary order appealable which require the parties to file an inventory and appraisement of their properties and which require Mr. Wells to advise Mrs. Wells' attorney of developments in a community owned lawsuit brought by Mr. Wells against third parties. These provisions are designed to aid the court in its determination of the parties' property rights and to assist it in the orderly disposition of the pending controversy. See *Janelli v. Bond*, 148 Tex. 416, 225 S.W.2d 824 (1950). The temporary order is therefore subject to review only with respect to those provisions which are injunctive in nature. *Bloomfield Royalty Corp. v. Carco Investments, Inc.*, supra.

Mr. Wells first contends that the temporary order is void since it does not affirmatively show that the trial court waived the requirement of bond or other security and because the order does not adequately set forth the reasons for granting injunctive relief.

■ In a divorce case, the trial court is specifically empowered to dispense with the necessity of a bond in connection with an ancillary injunction by one spouse against the other. Rule 693a, Texas Rules of Civil Procedure. It is not essential to the validity of the order that the court's determination in this respect be evidenced on the face of the order. It is not contended that the trial court abused its discretion in this case by dispensing with the necessity of a bond.

■ The trial court in a divorce proceeding is authorized by statute to grant temporary relief as it may deem necessary and equitable with respect to the parties and their property. Section 3.58, Texas Family Code. The order in question recited that its provisions were necessary and equitable for the preservation of the parties' rights. This was sufficient compliance with Rule 683, Texas Rules of Civil Procedure, requiring that every injunctive order set forth the reasons for its issuance. See *Transport Company of Texas v. Robertson*

*Transports*, 152 Tex. 551, 261 S.W.2d 549, 553 (1953).

Mr. Wells next contends that the injunctive provisions in the temporary order are not supported by the pleading or the proof and that the trial court abused its discretion in granting the temporary injunctive relief.

The pleadings and the evidence show that each of the parties had their own business activity. Mrs. Wells managed a secretarial service known as West Park Secretariat. Mr. Wells operated a business called Commodity Clearing House from a separate office in the same building as the office of West Park Secretariat. Mr. Wells was not involved in the business of West Park Secretariat, but he did use for his own business purposes a TWX machine in the West Park Secretariat offices. There was considerable testimony regarding the parties' business practices and concerning their need for the use of the TWX machine. It will suffice to say that their testimony differed as to the right of use and control over the TWX machine and as to whether they could operate their respective businesses from the same office building without interference with one another.

The trial court's temporary order enjoined each of the parties from contacting the other during the pendency of the action; it prohibited them from going around the home or place of business of the other, and from doing any act in interference with or in harassment of the other's business or social activities. It enjoined each of them from selling, transferring, assigning, mortgaging, encumbering or in any manner alienating the properties and from spending any cash in their possession other than for their normal living expenses or in the normal course of their business. The order also directed Mr. Wells to remove his business from the building occupied by West Park Secretariat prior to 5:00 P.M. on March 2, 1976, and directed that Mrs. Wells should have the right to receive mail addressed to West Park Secretariat or her name, but ordered her to forward to Mr. Wells any mail which she received addressed to him and to refer his telephone calls to a number designated by him. The order also directed that the parties should cooperate in filing their joint income tax return for the year 1975, and should supply each other with information necessary to the completion of the return, but further provided that they might file separate returns if both of them obtained a monetary advantage in doing so.

■ Both parties sought injunctive relief in the nature of that granted. The injunctive provisions in the temporary order are sufficient under the pleadings and generally follow the statements made by the parties' counsel to the court at the show cause hearing. See *Dakan v. Dakan*, 53 S.W.2d 682, 684 (Tex.Civ.App.—Eastland 1932, no writ); *Ames v. Ames*, 64 S.W.2d 1067 (Tex. Civ.App.—Eastland 1933, no writ); *Wright v. Wright*, 3 Tex. 168 (1881). The injunctive provisions have support in the evidence. Mrs. Wells testified that after she and Mr. Wells had separated, he broke into her office and took all of her files; stopped her bank account; stopped the mail addressed to West Park Secretariat, and wrote a damaging letter to her lessor. She testified that Mr. Wells was "in and out of everybody's office all of the time" at the office of West Park Secretariat. Although Mr. Wells complains that he was deprived of his livelihood by the court's requirement that he remove his office from the building of West Park Secretariat, his counsel indicated to the court during the hearing that Mr. Wells could maintain his business if he were awarded the home and the typewriter. These provisions in the temporary order tended to maintain the status quo by preventing disruptive contact between the parties and by establishing a procedure for the orderly handling of their joint business activities. This court cannot ascertain that the trial court abused its discretion in granting this temporary relief. See *Dickson v. Dickson*, supra.

■ Mr. Wells also complains of a provision in the temporary order which directed the parties to sell their home in Sugar Land, Texas, and provided that if they did not agree upon a sale on or before May 10,

1976, the court would, upon further hearing to be held on May 14, 1976, appoint a receiver to sell or take charge of the home. Upon oral argument, counsel have represented to this court that the parties did not reach an agreement for the sale of their home and that the trial court did not hold a hearing on the matter; the designated date for hearing therefore passed without further action of the trial court. This provision in the temporary order is not subject to review by the court since the matter covered thereby is moot.

The judgment of the trial court is affirmed.