**Dismiss and Opinion Filed March 17, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01025-CV

## TERRENCE MARK GORE, Appellant
## V.
## RACHAEL ARLENE GORE, Appellee

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF12-12707**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice FitzGerald

In a letter dated January 10, 2014, the Court questioned its jurisdiction over this appeal. Specifically, we questioned whether the judgment appealed was final because the record before the Court demonstrated that the trial court had granted appellant's motion for new trial and the new trial had not yet been concluded. We instructed appellant to file a letter brief addressing our jurisdictional concern and gave appellee an opportunity to respond. Appellant filed a brief but appellee did not respond.

Having filed the motion for new trial, appellant is estopped to complain that the trial court granted the motion. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 646 (Tex. 2009). The invited error doctrine applies to situations where a party requests the court to make a specific ruling, then complains of that ruling on appeal. *See Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862

(Tex. 2005) ( "[A] party cannot complain on appeal that the trial court took a specific action that the complaining party requested, a doctrine commonly referred to as 'the invited error' doctrine.").

Despite appellant's estoppel to complain of the grant of the motion for new trial, the Court must determine whether it has jurisdiction to proceed with this appeal, even if it is necessary to do so *sua sponte*. *Bank of New York Mellon v. Guzman*, 390 S.W.3d 593, 596 (Tex. App.—Dallas 2012, no pet.); *Pierce v. Corbett*, No. 05-97-00017-CV, 1999 WL 52964 (Tex. App.—Dallas Feb. 5, 1999, no pet.) (not designated for publication). Generally, this Court has jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). It has long been the rule in this state that an order of a trial court granting a motion for new trial, being an interlocutory order, is not appealable. *Lynn v. Hanna*, 296 S.W. 280, 280 (Tex. 1927); *Brown v. Am. Fin. Co.*, 432 S.W.2d 564, 567 (Tex. Civ. App.—Dallas 1968, writ ref'd n.r.e.). When a new trial is granted, the case stands on the trial court's docket "the same as though no trial had been had." *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 230–31 (Tex. 2008) (orig. proceeding); *City of San Antonio v. Dickman*, 34 Tex. 647, 650 (1871).

Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal. *Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007) ; *Pahl v. Don Swaim, P.C.*, No. 05-12-01438-CV, 2013 WL 3929238 (Tex. App.—Dallas July 26, 2013, no pet.) (mem. op.). If, as appellant claims in his jurisdictional brief, the trial court granted a motion for new trial after the plenary power of the court had expired, remedy for that act lies by original proceeding. *Shqeir v. Shqeir*, No. 05-00-00044-CV, 2000 WL 370914, at *1 (Tex. App.—Dallas Apr. 12, 2000, no pet.) (not designated for publication).[1] The other matters of which appellant complains, relating to appellee's failure to pay the filing fee in the severed action and relating to

---

[1] The Court has considered and denied two petition for writ of mandamus filed by appellant asserting this same argument, *In re Gore*, No. 05-14-00103-CV, 2014 WL 476784 (Tex. App.—Dallas Feb. 5, 2014, orig. proceeding [mand. denied]) (mem. op.); *In re Gore*, No. 05-13-00364-CV, 2013 WL 1274740 (Tex. App.—Dallas Mar. 20, 2013, orig. proceeding ) (mem. op.).

.

appellant's motions for recusal and disqualification of the trial judge, are interlocutory in nature and the Court does not have jurisdiction to consider them prior to final judgment in the trial court. An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from a final judgment. TEX. R. CIV. P. 18a(j)(1)(A). An order denying a motion to disqualify is interlocutory. *Dickson v. Dickson,* 516 S.W.2d 28, 31 (Tex. Civ. App.—Austin 1974, no writ). Such an order "may be reviewed by mandamus[2] and may be appealed in accordance with other law." TEX. R. CIV. P.18a(j)(2). Because there is no "other law" permitting the interlocutory appeal of an order denying a motion to disqualify in a case such as this, the denial of the motion to disqualify may also be reviewed only upon appeal from final judgment. Because the Court finds no basis for interlocutory appellate jurisdiction over this appeal, the Court **DISMISSES** the appeal.

131025F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

---

[2] The Court has considered and denied a petition for writ of mandamus filed by appellant asserting this same argument, *In re Gore*, No. 05-14-00103-CV, 2014 WL 476784 (Tex. App.—Dallas Feb. 5, 2014, orig. proceeding [mand. denied]) (mem. op.).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TERRENCE MARK GORE, Appellant

No. 05-13-01025-CV     V.

RACHAEL ARLENE GORE, Appellee

On Appeal from the 302nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF12-12707.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Evans participating.

     In accordance with this Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

     It is **ORDERED** that appellee RACHAEL ARLENE GORE recover her costs of this appeal from appellant TERRENCE MARK GORE.


Judgment entered this 17th day of March, 2014.


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE