

# NUMBER 13-16-00148-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THELMA DORIS FERRY,                                            Appellant,

v.

DALE JAMES FERRY ,                                            Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion Per Curiam

Appellant, Thelma Doris Ferry, attempted to perfect an appeal from an order denying a motion to disqualify the trial judge in cause no. 2013-FAM-4013-G pending in the 319th District Court of Nueces County, Texas.   Upon review of the documents before the Court, it appeared that the order from which this appeal was taken was not a final appealable order.   The Clerk of this Court notified appellant of this defect so that steps

could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this notice, the appeal would be dismissed for want of jurisdiction. Appellant filed a response generally asserting that the order at issue is final and appealable.

Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal. *Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007). An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from a final judgment. *See* TEX. R. CIV. P. 18a(j)(1)(A). An order denying a motion to disqualify is interlocutory. *Dickson v. Dickson*, 516 S.W.2d 28, 31 (Tex. Civ. App.—Austin 1974, no writ). Such an order "may be reviewed by mandamus and may be appealed in accordance with other law." TEX. R. CIV. P. 18A(J)(2). Because there is no "other law" permitting the interlocutory appeal of an order denying a motion to disqualify in a case such as this, the denial of the motion to disqualify may also be reviewed only upon appeal from final judgment. Here, the Court finds no basis for interlocutory appellate jurisdiction over this appeal.

The Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See id.* Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. *See id.* 42.3(a),(c). All pending motions are likewise DISMISSED.

PER CURIAM

Delivered and filed the
9th day of June 2016.

2