WASTE MANAGEMENT OF TEXAS, INC., Appellant/Cross–Appellee,

v.

Jerry L. BLACKWELL, Annie M. Blackwell, E.W. Bradshaw, III, Dean Shaw, Patricia R. Shaw, Ken E. Calvert, Theresa Ann Calvert, E.W. Bradshaw, Deanna Bradshaw, and Jerry E. McCullough, Appellees/Cross–Appellants.

In re Waste Management of Texas, Inc.

Nos. 14–03–00242–CV, 14–03–00386–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 24, 2004.

Kathleen A. Gallagher, Alan Brandt Daughtry, Catherine B. Smith, Houston, for appellant.

Richard R. Morrison, James B. Blackburn, Jr., Houston, for appellees.

Panel consists of Justices YATES, HUDSON, and FOWLER.

## OPINION

WANDA McKEE FOWLER, Justice.

This case involves an accelerated interlocutory appeal, cross-appeal and mandamus concerning the application of the Texas Environmental, Health, and Safety Audit Privilege Act to the production of documents and deposition testimony relating to environmental audits. For the reasons discussed below, we dismiss the appeal and cross-appeal, and deny the writ of mandamus.

## I. BACKGROUND FACTS

Appellees/cross-appellants/real parties in interest, which will be collectively referred to as "Blackwell," live or own property in the vicinity of Waste Management's Coastal Plains Recycling and Disposal Facility ("Coastal Plains") in Galveston County, Texas. They sued appellant/cross-appellee/relator Waste Management of Texas, Inc. ("Waste Management") for nuisance, trespass, negligence, and gross negligence, alleging that the expansion of Coastal Plains substantially interferes with the use and enjoyment of their property.

In connection with the suit, Blackwell served requests for production on Waste Management seeking numerous documents, including documents concerning (1) the measures or actions taken to control odors emanating from Coastal Plains, and

(2) testing, monitoring, or analysis of the air in and around Coastal Plains. Blackwell also sought to question Waste Management employees about environmental audits conducted by Waste Management since 1998. Waste Management objected to this discovery, and in response to Blackwell's motion to compel, asserted that, since 1998, three categories of audits were conducted at Coastal Plains: (1) an audit pursuant to Waste Management's Environmental Compliance Program; (2) an audit to complete the Environmental Compliance Representation, and (3) audits for compliance with 30 Texas Administrative Code section 101.4.[1] Waste Management asserted that these audits, and information known to its employees about them, were privileged from discovery under the Texas Environmental, Health, and Safety Audit Privilege Act ("Audit Privilege Act" or "Act"). *See* TEX.REV.CIV. STAT. art. 4447cc, §§ 1–13. Waste Management supported its assertion of the privilege with the affidavits of three of its employees, Charles Rivette, Robert Michael Derdeyn, and John Ohlemacher.

After a hearing, the trial court ordered that the Environmental Compliance Program and Environmental Compliance Representation audits were privileged under the Audit Privilege Act, but held that the 30 Texas Administrative Code section 101.4 audits "do not fall within the statutory privilege provided by the Act." The court also ordered Waste Management to produce Ohlemacher to testify about "any physical events of noncompliance that he personally observed" at Coastal Plains, but further ordered that he could not be compelled to testify about the audits pursuant to the Environmental Compliance Audit Program and the audits to complete the Environmental Compliance Representation. This appeal, cross-appeal, and petition for writ of mandamus followed.

## II. INTERLOCUTORY APPEAL OR MANDAMUS?

In its mandamus action, Waste Management contends that the trial court abused its discretion in ordering the production of the 30 Texas Administrative Code section 101.4 audits—which we will refer to as the "daily audits" for ease of reference—and the testimony of Ohlemacher. The interlocutory appeal raises the same issues. In its cross-appeal, Blackwell argues that the trial court erred in failing to require the production of the other two categories of audits.

Before we can address the merits of the parties' arguments, however, we must first determine if we have jurisdiction to hear the interlocutory appeal. Although the parties give different reasons, both contend we have jurisdiction over the interlocutory appeal based on section 7(e) of the Audit Privilege Act, but for different reasons. Waste Management also represents that it filed the mandamus in an abundance of caution in the event we find we have no jurisdiction over its interlocutory appeal. If we determine we have jurisdiction over the interlocutory appeal, then Waste Management is not entitled to mandamus relief. If, however, we determine that we have no jurisdiction over the interlocutory appeal, then we will consider Waste Management's mandamus action.

1. Section 101.4 of 30 Texas Administrative Code addresses nuisances as follows:
   No person shall discharge from any source whatsoever one or more air contaminants or combinations there, in such concentrations and of such duration as are or may tend to be injurious to or to adversely affect human health or welfare, animal life, vegetation, or property, or as to interfere with the normal use and enjoyment of animal life, vegetation, or property.
   30 TEX. ADMIN. CODE § 101.4.

## A. Interlocutory Appeals are Limited under the Audit Privilege Act to Determinations that Disclosure is Required under Section 7 of the Act.

The Texas Legislature enacted the Audit Privilege Act to encourage voluntary compliance with environmental and occupational health and safety laws. *See* TEX. REV.CIV. STAT. art. 4447cc, § 2. The Act provides that an audit report and, subject to certain limited exceptions, any part of an audit report is privileged and not admissible as evidence or subject to discovery in a civil action or an administrative proceeding. *Id.* § 5(a), (b).

Under the Audit Privilege Act, interlocutory appeals are limited to appeals of disclosures ordered by a court only when the disclosure is ordered for one of the reasons enumerated in section 7 of the Act: "A determination of a court *under this section* is subject to interlocutory appeal to an appropriate appellate court." *See* TEX.REV.CIV. STAT. art. 4447cc, § 7(e) (emphasis added). Under section 7, a court may require disclosure of a portion of an audit report if it determines, after an in-camera review, that (1) the privilege is asserted for an improper purpose, (2) the portion of the audit report is not subject to the privilege under section 8 of the Act, or (3) the portion of the audit report shows evidence of noncompliance with an environmental or health and safety law and appropriate efforts to achieve compliance with the law were not promptly initiated and pursued with reasonable diligence after discovery of noncompliance. *Id.* § 7(a)(1)–(3). The party seeking disclosure under this section has the burden of proving that the documents are subject to disclosure under subsections (1), (2), or (3). *Id.* § 7(b).

## B. Interlocutory Appeal is Not Available to Either Waste Management or Blackwell because there is No Evidence the Trial Court Ordered the Daily Audits Disclosed under Section 7.

There is no evidence or argument that sections 7(a)(1) or 7(a)(3) apply; therefore, we have jurisdiction over the interlocutory appeal only if the trial court determined that disclosure of the audits was required under section 7(a)(2)—that is, if the court determined that the audits were not subject to the privilege under section 8 of the Act. Section 8 provides that the privilege does not apply to any of the following: (1) a document, communication, datum, or report or other information required by a regulatory agency to be collected, developed, maintained, or reported under a federal or state environmental or health and safety law; (2) information obtained by observation, sampling, or monitoring by a regulatory agency; or (3) information obtained from a source not involved in the preparation of the environmental or health and safety audit report. *See id.* § 8(a)(1)–(3).

■ In its order, the trial court did not state the basis for its rulings, so we must look to the record to see if it supports the parties' claim that the trial court ruled as it did because it concluded that disclosure was required under section 8 of the Act. Each party suggests a different reason why the court found the documents produceable under sections 7 and 8. Blackwell argues section 8(a)(1) applies, because Waste Management is required to compile the information in the 30 Texas Administrative Code section 101.4 audits under 30 Texas Administratives Code sections 330.114 [2] and

---

2. Section 330.114 of 30 Texas Administrative Code is entitled "Site Operating Plan" and requires that a municipal solid waste landfill facility maintain a site operating plan ("SOP") that provides operating procedures for the site management and the site operat-

330.133.[3] However, these provisions, on their face, do not require that Waste Management compile the information at issue here. Moreover, Blackwell did not argue below that section 8(a)(1) applied; and while it is possible the trial court could have determined on its own that section 8(a)(1) applied, the judge's discussion of the issue does not indicate that this was ever considered and no evidence supports applying section 8(a)(1). In light of these factors, it does not appear that the trial court determined that section 8(a)(1) of the Act required the production of the documents.

Waste Management, on the other hand, speculates that the trial court may have determined that the daily audits were not privileged under section 8(a)(3), based on the court's comment at the hearing that the daily audits did not fall within the statute "because that's just every day the same guy going out there and seeing what's going on there." Section 8(a)(3) provides that the privilege does not apply to "information obtained from a source not involved in the preparation of the audit report." *See id.* § 8(a)(3). There is one problem with this position: the uncontroverted affidavit of Waste Management employee Rivette states that each of the audits at issue are performed by Waste Management employees, who "*do not* rely on any information obtained by . . . another source not involved in the preparation

of the audits." And otherwise, there is no evidence in the record to support such a finding. Thus, we also find it highly unlikely that the trial court could have determined that the daily audits were not privileged under section 8(a)(3) of the Act.

In summary, we conclude that the court did not rule as it did on the basis of either section 8(a)(1) or 8(a)(3), and that it also could not have ordered the documents produced under section 8(a)(2)—information obtained by . . . a regulatory agency—because, unquestionably, the daily audits were performed by a Waste Management employee. Indeed, Blackwell, as the party seeking disclosure, had the burden to prove that section 7(a)(2) applied, but made no argument and presented no evidence below to support that burden. *See id.* § 7(b).

■■■ For all these reasons, we find that the trial court did not determine that the daily audits were required to be disclosed by section 7(a)(1), (2), or (3). As a result, we do not have jurisdiction to consider Waste Management's interlocutory appeal under section 7(e) of the Audit Privilege Act. *See id.* § 7(e). Additionally, we have no jurisdiction to consider Blackwell's cross-appeal, which seeks interlocutory review of the trial court's determination that Waste Management's first two

ing personnel in sufficient detail to enable them to conduct the day-to-day operations of the facility. *See* 30 TEX. ADMIN. CODE § 330.114. This section specifies certain minimum requirements for the types of information to be contained in an SOP, including "a detailed description of the procedures that the operating personnel shall follow concerning the operational requirements of this subchapter," and "other instructions as necessary to ensure that operating personnel comply with any other local, state, or federal regulation for the operational standards of the type of work involved at the facility." *See id.* § 330.114(3), (4).

3. Section 330.133 of 30 Texas Administrative Code specifies the requirements for various types of landfill cover, including daily cover, intermediate cover, and alternative material daily cover. *See* 30 TEX. ADMIN. CODE § 330.133(a), (b), & (c). When alternative material daily cover ("ADC") is allowed, an ADC operating plan must be included in the site development plan that includes, among other things, "its effect on vectors, fires, odors, and windblown litter and waste." *See id.* § 130.133(c)(1)(B).

categories of audits were privileged. All section 7 determinations are "determinations by the trial court that the documents sought to be protected *are not privileged*" under the Act. *See id.* § 7(a) (emphasis added). Thus, when section 7(e) states that "a determination of a court under this section is subject to interlocutory appeal ..." it is referring to the determination that documents must be disclosed under section 7 and section 8, not a determination that documents are not subject to disclosure and were not ordered produced.[4] *See id.* §§ 7(e), 8(a).

We dismiss the interlocutory appeal and cross-appeal.

## III. WASTE MANAGEMENT IS NOT ENTITLED TO MANDAMUS RELIEF

We now turn to the mandamus. Waste Management contends its affidavits established that the daily audits it conducts to ensure compliance with 30 Texas Administrative Code section 101.4 and John Ohlemacher's knowledge about the environmental audits fall within the scope of the Audit Privilege Act and are therefore not subject to discovery. It points out that Blackwell produced no controverting proof or any evidence that any exception to the privilege applies to either the audits or Ohlemacher's testimony.

■ Mandamus will lie to correct a discovery order if (1) the discovery order constitutes a clear abuse of discretion and (2) the aggrieved party has no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840–44 (Tex.1992). An erroneous order requiring the production of privileged information or documents leaves the party claiming privilege without an adequate remedy by appeal and thus may

be corrected by mandamus. *Id.* at 843. We have held that interlocutory appeal is not available to the parties under the Audit Privilege Act; therefore, if the trial court abused its discretion in ordering the production of privileged information and documents, then Waste Management has no adequate remedy by appeal, and mandamus relief is appropriate.

■ A trial court clearly abuses its discretion if " 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.' " *Walker*, 827 S.W.2d at 839 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)). In considering whether an abuse of discretion occurred, we must determine if the party asserting the privilege has discharged its burden of proof. *In re WHMC*, 996 S.W.2d 409, 411 (Tex.App.-Houston [14th Dist.] 1999, orig. proceeding). The party claiming privilege bears the burden of producing proof to support its contention that the documents in question qualify for the privilege claimed as a matter of law. *Id.;* *see also* TEX.REV.CIV. STAT. art. 4447cc, § 5(f) (stating that a party asserting the privilege provided in the Audit Privilege Act has the burden of establishing the applicability of the privilege).

■ A detailed affidavit that tracks the statutory language and is descriptive enough to be persuasive, but not so descriptive as to disclose the privileged information, is sufficient to raise and prove privilege. *In re WHMC*, 996 S.W.2d at 413. Here, however, we find that the affidavits submitted do not sufficiently raise and prove the privilege available under the Audit Privilege Act. Waste Management's counsel agreed that the daily audits consist

---

4. A party is not necessarily stymied at this point, because, if the denial of discovery qualifies for mandamus relief, the party could still

seek a mandamus against the judge. *See Walker v. Packer*, 827 S.W.2d 833, 843–44 (Tex.1992).

solely of field notes and records of observations. We cannot say that, on this record, the trial court abused its discretion in determining that the daily audits do not qualify as audit reports subject to the privilege provided by the Act. *See* Tex.Rev.Civ. Stat. art. 4447cc, § 4 (defining and describing contents of audit report). We also hold the trial court did not abuse its discretion in ordering the limited testimony of Waste Management employee Ohlemacher.

Therefore, we deny Waste Management's conditional petition for writ of mandamus.