ACCEPTED
03-15-00252-CV
8220394
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/14/2015 12:02:48 PM
JEFFREY D. KYLE
CLERK

**No. 03-15-00252-CV**

# In the Court of Appeals for the Third Judicial District of Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/14/2015 4:54:48 PM
JEFFREY D. KYLE
Clerk

Dr. Behzad Nazari, D.D.S. d/b/a Antoine Dental
Center et. al., Defendants–Appellants,

*v.*

State of Texas, Plaintiff–Appellee,

*v.*

Xerox Corporation and Xerox State HealthCare, LLC, f/k/a ACS
State HealthCare, LLC, Third-Party Defendants–Appellees.

On Appeal from the 53rd Judicial District Court,
Travis County, Texas, No. D-1-GB-13-005380

## SUPPLEMENTAL BRIEF FOR APPELLEE
## THE STATE OF TEXAS

Charles E. Roy
First Assistant Attorney General

Raymond C. Winter
Chief, Civil Medicaid Fraud

Reynolds B. Brissenden
Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Scott A. Keller
Solicitor General

J. Campbell Barker
Deputy Solicitor General
State Bar No. 24049125
cam.barker@texasattorneygeneral.gov

Philip A. Lionberger
Assistant Solicitor General
State Bar No. 12394380

Counsel for the State of Texas

The trial court dismissed the third-party claims against Xerox, and Xerox did not notice an appeal from that order. In a December 8, 2015 supplemental brief, Xerox nonetheless argues for appellate review of that order. Appellants themselves have not seen fit to make those arguments, and they are meritless.

**Argument**

## I. The Order Dismissing the Third-Party Claims Against Xerox Did Not Grant a Jurisdictional Plea.

Texas Civil Practice and Remedies Code § 51.014(a)(8) provides for interlocutory appeal from an order that "grants or denies a plea to the jurisdiction by a governmental unit." Section 51.014(a)(8) does authorize defendants-appellants' interlocutory appeal of the order granting the State's jurisdictional plea to *defendants' counterclaims against the State*.

But this Court has appellate jurisdiction over only the aspects of a district court's order made appealable by statute. *Bobbitt v. Cantu*, 992 S.W.2d 709, 712 (Tex. App.—Austin 1999, no pet.) (explaining that "the district court's grant of partial summary judgment is non-appealable, although it comes along with the interlocutory order of temporary injunction" (quotation marks omitted)); *accord Dickson v. Dickson*, 516 S.W.2d 28, 30 (Tex. Civ. App.—Austin 1974, no writ). So this case presents a second question: Whether an interlocutory appeal is also available under section 51.014(a)(8) from the district court's order *dismissing defendants' third-party claims against Xerox*. The answer is no, because that order did not grant any jurisdictional plea filed by the State.

## A. The classification test is functional.

Whether a given order falls within section 51.014(a)(8)'s scope—as granting or denying a jurisdictional plea—is answered by a functional test. It is determined by the substantive basis of the district court's order, regardless of the form of the document in which that basis for relief was asserted. *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006) (holding that appeal from the denial of a jurisdictional challenge is available "irrespective of the procedural vehicle used"). In other words, interlocutory appealability is not "constrained by the form or caption of a pleading." *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (cited in *Thomas*, 207 S.W.3d at 339). *Surgitek* expressly rejected a principle that would allow parties "to dictate at the outset, simply by how they style their request for relief," whether the losing party could pursue an interlocutory appeal. *Id.*

Xerox flips this principle on its head. Xerox argues that the dismissal of the third-party claims qualifies as the grant of a jurisdictional plea, but Xerox never examines the substantive basis for that *ruling*. Instead, Xerox simply argues that the State's *motion* asserted both a statutory basis for dismissal (that the TMFPA does not allow third-party claims) and a jurisdictional basis for dismissal (derivative sovereign immunity). Xerox Suppl. Br. 2-3.

But, as just explained, that fact means nothing without examining the substantive basis on which the district court granted the relief that defendants seek to appeal. Xerox wrongly focuses on what a motion *argued*, rather than what the district court *decided*. Xerox Suppl. Br. 2-3. If Xerox's approach were

the law, then the appealability of the exact same ruling would turn on how a lawyer structured the pleadings:

- If a lawyer used *two documents* to argue two grounds for relief—one appealable and one not appealable—then an order ruling only on the non-appealable ground would not be appealable (which is correct).

- But if a lawyer used *one document* to argue the same two grounds for relief, the same order ruling only on the non-appealable ground would nonetheless be appealable.

This is a form-over-substance rule, and the Supreme Court has rejected it.

## B. The dismissal of the third-party claims against Xerox turned on statutory interpretation, not derivative sovereign immunity.

The interlocutory order dismissing the third-party claims is not appealable under section 51.014(a)(8) because it rests on the statutory argument in the State's motion, not the jurisdictional argument in that motion. The State did make a derivative-sovereign-immunity argument below (not renewed here). But the State also argued in depth a statutory basis for dismissal: that neither chapter 33 nor the TMFPA authorizes third-party claims in TMFPA actions. CR.54 (motion arguing that the "third party claims against Xerox should be struck under Tex. R. Civ. P. 38(a) because the TMFPA does not authorize a defendant to bring third[-]party claims, or, alternatively, dismissed under Tex. R. Civ. P. 91a because they have no basis in law or fact.").

All parties agree that the State's dismissal motion presented this statutory issue. Xerox's merits brief thus spends several pages discussing that statutory

issue (at 10-14) and then expressly distinguishes that issue from the jurisdictional issue. *See* Xerox Br. 15 (discussing immunity grounds "rather than" the ground "that the TMFPA prohibits third-party claims"). Indeed, defendants' challenge to the dismissal of their third-party claims addresses *only* the statutory argument. Appellants' Br. 29-32. Defendants understand that the district court ruled only on that basis.

The district court was clear that its dismissal of the third-party claims rested on the State's statutory argument. Its order explained its reasoning thus: "Consistent with this Court's rulings in the State's litigation against Xerox, the Court finds that the State is entitled to bring this action against defendants to the exclusion of other parties." CR.384. The district court thereby incorporated by reference its ruling on the State's dismissal motion in the *State v. Xerox* case. That ruling in *State v. Xerox* further explained the district court's statutory-interpretation rationale:

> Xerox's arguments for allowing it to proceed with its Third Party Petition rest on its contention that the TMFPA is a statutory tort that provides for actual damages subject to common law. There is no authority for treating an enforcement action by the State as a statutory tort, and the civil remedy in the TMFPA is not a damage provision. Each wrongful actor is liable for a civil remedy and penalty in multiples of the State's actual loss that is undiminished by the civil remedy and penalty assessed on or paid by another actor. There is no comparative fault, joint-and-several liability, contribution, single-satisfaction, or settlement credit in a TMFPA action. If there is any right to contribution, it must be pursued in a separate action between alleged wrongdoers. I will grant the State's Motion to Strike Xerox's Third-Party Petition.

CR.297. Indeed, Xerox has agreed that "the premise underlying the trial court's rulings in both proceedings is consistent." Xerox Br. 7; *accord id.* ("The order in this suit made plain that the trial court's rationale is consistent with the rulings in the State's suit against Xerox.").

The district court was thus explicit about the basis for its dismissal of the third-party claims here. It was statutory interpretation. Indeed, if the district court's rationale here was based on immunity, that rationale could not be consistent across the two actions—as Xerox has admitted it is. That is because the dental group (whom Xerox tried to sue in the other action) was not hired by the State and has never even asserted derivative immunity.

The dismissal of defendants' third-party claims against Xerox does not even *imply* that the district court ruled on jurisdiction. The Supreme Court has found implicit denial of a jurisdictional defense when a trial court *reaches* the merits of a claim (e.g., allowing a claim to proceed). *Thomas*, 207 S.W.3d at 339. But the district court *dismissed* the third-party claims. There has been no ruling by the trial court allowing the third-party claims to proceed, from which it could be implied that the district court ruled *sub silentio* on jurisdiction. *Cf. Waller County v. City of Hempstead*, 453 S.W.3d 73, 75 (Tex. App.—Houston [1st Dist.] 2014, pet. filed).

Indeed, it is hardly novel for courts to dismiss claims on threshold issues without resolving jurisdictional issues. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999). Issues such as derivative immunity often turn on fact questions that may never need resolution because a claim fails on other

threshold grounds. And Xerox understands that it has not been given a chance to make whatever case it may wish to make on derivative immunity. Its merits brief explained that "Xerox has not yet filed a plea to the jurisdiction or raised an affirmative defense of immunity" and simply argues that "Xerox can and likely will raise immunity arguments in the trial court if the claims against it are reinstated." Xerox Br. 15.

The appealability determination is straightforward. Because the district court's order did not grant or deny any jurisdictional plea in dismissing the third-party claims, that order is outside the scope of section 51.014(a)(8). The Court should thus dismiss defendants' appeal insofar as it challenges the dismissal of their third-party claims against Xerox. *Dickson*, 516 S.W.2d at 30.

## II. Mandamus Jurisdiction Is Also Unavailable Here.

Xerox argues in the alternative that, to the extent defendants' appeal from the dismissal of their third-party claims is improper in an interlocutory posture (as it is), this Court should treat defendants' appeal as if it were petition for writ of mandamus. This argument is likewise without merit.

Xerox cites *Waste Management of Texas, Inc. v. Blackwell*, 130 S.W.3d 337, 340-42 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding), for the proposition that a court may treat an interlocutory appeal as a mandamus petition. Xerox Suppl. Br. 4. That case, however, did no such thing. The court exercised mandamus jurisdiction because the appellee, who had filed a cross-

appeal, had also filed a mandamus petition. Neither is true here. There is no cross-appeal (it is far too late for one now), much less a mandamus petition.

Xerox also cites *CMH Homes v. Perez*, 340 S.W.3d 444 (Tex. 2011), but that case allowed treating an appeal as a mandamus petition because (1) the appellant "specifically request[ed] that its appeal be treated as a mandamus petition"; (2) the appellant "expressly requested mandamus treatment" at a time that would not "unnecessarily waste the parties' time and further judicial resources"; and (3) mandamus treatment furthered "interests of promoting the policy considerations of rigorous and expedited enforcement of arbitration agreements." *Id.* at 453-54 (internal quotation marks omitted).

None of those three criteria is met here. First, the appellants here are the defendants—the dental group. They have never requested that their appeal be treated as a mandamus petition. *See* Appellants' Brief on the Merits 1-33 (no such request); Appellants' Reply Br. 1-10 (no such request).

Second, even if appellants had joined appellee Xerox's supplemental brief and thereby requested mandamus treatment, the request be remarkably late. Xerox moved to file its supplemental brief on December 8, 2015. That is months after both the district court's April 28, 2015 dismissal order, CR.384, and the September 21, 2015 completion of appellate briefing, *see* Appellants' Reply Br. 13 (dated certificate of service). Indeed, that is just one week before the December 16, 2015, oral argument date.

Xerox offer no excuse for this delay. And, again, appellants have not even made a request for mandamus jurisdiction. If they ever do make such a request, further delay would be required for briefing on the propriety of mandamus relief—including equitable defenses such as laches. *See, e.g.*, *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367-68 (Tex. 1993) (mandamus denied based on unexplained four-month delay in petitioning). Xerox's eve-of-submission filing (even assuming appellants had joined it) is thus quite different than the request by the appellant in *CMH Homes*.

Xerox may contend that the State consented to Xerox's timing, as the State did not oppose Xerox's request for leave to file its supplemental brief. But that response would be doubly flawed. First, the leave requested concerned only filing, not the substantive merit of any argument. Second, the State was not fully informed about the supplemental brief that Xerox has tendered. Xerox represented that its brief would concern jurisdiction and be "limited to the issue the State raised in its brief." Email of Dec. 8, 2015 to C. Barker (available upon request). The State's brief, of course, did not raise the issue of mandamus jurisdiction.

Third, *CMH Homes* involved a policy favoring enforcement of arbitration agreements. Neither that nor an equivalent policy applies here. The dismissal below was not on jurisdictional grounds, so a policy about interlocutory review of such orders does not apply. And to the extent Xerox can properly "incorporate its mandamus briefing by reference" (Xerox Suppl. Br. 5)—although

that incorporation of a brief in another action was also not disclosed—the Court already has the parties' views from the briefing in that separate action.

In short, none of the three criteria in *CMH Homes* are met here. Appellants cannot at this late date request treating this appeal as a mandamus petition, but appellants have not even done so.

Respectfully submitted.

CHARLES E. ROY
First Assistant Attorney General

RAYMOND C. WINTER
Chief, Civil Medicaid Fraud

REYNOLDS B. BRISSENDEN
Assistant Attorney General

SCOTT A. KELLER
Solicitor General

/s/ J. Campbell Barker
J. CAMPBELL BARKER
Deputy Solicitor General
State Bar No. 24049125
cam.barker@texasattorneygeneral.gov

PHILIP A. LIONBERGER
Assistant Solicitor General
State Bar No. 12394380

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Counsel for the State of Texas

- 9 -

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4 because it contains 2,110 words, excluding the parts exempted by rule, and because it has been prepared using Microsoft Word in a 14-point proportionally spaced typeface.

/s/ J. Campbell Barker
J. CAMPBELL BARKER

## CERTIFICATE OF SERVICE

I certify the service of this document on December 14, 2015 by electronic case filing or e-mail upon the following:

**Counsel for Defendants–Appellants:**

Jason Ray
Riggs & Ray, P.C.
506 W. 14th Street, Suite A
Austin, Texas 78701

E. Hart Green
Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
P.O. Box 350
Beaumont, Texas 77704-0350

**Counsel for Third-Party Defendants–Appellees:**

Constance H. Pfeiffer
Beck Redden LLP
1221 McKinney St., Suite 4500
Houston, Texas 77010

Robert C. Walters
Gibson, Dunn & Crutcher LLP
2100 McKinney Ave., Suite 1100
Dallas, Texas 75201

Eric J.R. Nichols
Christopher R. Cowan
Beck Redden LLP
515 Congress Ave., Suite 1750
Austin, Texas 78701

/s/ J. Campbell Barker
J. CAMPBELL BARKER