# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-24-00816-CV

**Juan Enriquez, Appellant**

**v.**

**Dale Wainwright,[1] Chairman, Texas Board of Criminal Justice; Bryan Collier, Executive Director, Texas Department of Criminal Justice; Brad Livingston, Executive Director, Texas Department of Criminal Justice; and Board of Regents of University of Texas, Appellees**

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-16-005852, THE HONORABLE LAURIE EISERLOH, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Juan Enriquez appeals "the Order entered on November 25, 2024, relating to the sealing or unsealing of court records."[2]  Because the record shows that there is no way for Enriquez to demonstrate that the trial court abused its discretion in its order denying any argument by Enriquez as a motion to seal, we will affirm the order without the submission of

---

[1]  We take judicial notice that, since this case began, Eric Nichols has become the Chairman of the Texas Board of Criminal Justice, succeeding Dale Wainwright.  While successors to public officials sued in their official capacity can be automatically substituted as a party when appropriate, *see* Tex. R. App. P. 7.2(a), we will refrain from substituting a party because it is not clear whether Wainwright was an appellee in his official or individual capacity or both.  Because that question does not affect our resolution of the appeal, we will rule on the appeal with the parties as presented to us on the record.

[2]  Although the trial court ruled on the motion orally at the November 25, 2024 hearing, the written order denying the motion was signed November 26, 2024.

briefs. *See* Tex. R. App. P. 2 (allowing court to suspend rules to expedite decision); Tex. R. Civ. P. 76a (outlining procedure for motions to seal).

## BACKGROUND

This appeal arises from a lawsuit related to Enriquez's medical treatment in the Texas prison system.[3] In 2022, Dale Wainwright and other parties filed a motion to seal their plea to the jurisdiction and motion for summary judgment and exhibits. Enriquez opposed that motion to seal. By order dated October 7, 2022,[4] the trial court denied the motion to seal, writing that Enriquez "wished the entire motion and attached medical records to be a matter of public record."

In late 2024, a hearing was set to consider appellees' plea to the jurisdiction and summary-judgment motion.[5] On November 18, 2024, Enriquez filed Plaintiff's Supplemental Objection to Defendants' Plea to the Jurisdiction that included his objection "pursuant to Texas Rules of Evidence 509 and 510 to the use by Defendants of privileged medical information in support of Defendants['] Plea to the Jurisdiction." Those rules concern privileges from the disclosure of information. *See* Tex. R. Evid. 509 (physician-patient privilege), 510 (mental-health information privilege). At the November 25, 2024 hearing, Enriquez reiterated

---

[3] The original lawsuit has been severed into many subparts, one of which contains a discussion of the underlying merits. *See Enriquez v. Wainwright*, No. 03-18-00189-CV, 2018 WL 6565017 (Tex. App.—Austin Dec. 13, 2018, no pet.) (mem. op.).

[4] The order was signed October 7, 2022, and filed October 12, 2022. A later trial-court order refers to it as "the Court's October 12, 2022 Order."

[5] The hearing became a wider-ranging status hearing, in part because the trial court recognized that the plea to the jurisdiction and summary-judgment motion had not been filed with the clerk. When appellees sought in February 2022 to file their plea and summary-judgment motion under seal, they sent the plea and motion directly to the visiting judge who held the hearing; the plea and motion, however, were not filed with the clerk after the 2022 hearing and denial of the motion to seal.

that he objected on grounds that he had not consented to disclose or to allow others to disclose confidential communications between him and medical and mental-health professionals. He asserted that appellees had not shown that their use of the records fell within the exceptions to confidentiality. *See* Tex. R. Evid. 509(e) (listing exceptions to physician-patient privilege including relevance to claim or defense in proceeding against physician, reliance of claim or defense on patient's condition, or patient's consent), *id.* 510(d) (similar). Enriquez stated, "**I don't want those records sealed** because I need them into evidence. But that doesn't mean that I ever agreed or consented that they could file everything else in there." (Emphasis added.) He also stated, "I'm objecting to the use in any manner of any confidential information that they are attempting to use to support that—the plea to the jurisdiction they were authorized to file, and—and the motion for summary judgment . . . ."

As the trial court was concluding the hearing and contemplating how to formulate an order, Enriquez said, "I want you to look again through that objection to the introduction of evidence, my private medical records." The court replied, "The motion to seal has already been ruled on by Judge Phillips; and, therefore, I'm going to deny it because it's already been ruled on by him, so we're—we're sticking with that." Enriquez said, "[N]ow that they've actually filed [the plea and summary-judgment motion] and want to introduce [the records] for you to look at, that's going to be a second issue." The court responded, "I've ruled on your motion to seal as denied." In its order dated November 26, 2024, the trial court wrote, "The Court DENIES Plaintiff's motion to seal with respect to the motion for summary judgment and plea to the jurisdiction based on the Court's October 12, 2022 Order." The order also set up a schedule for filing appellees' plea to the jurisdiction and summary-judgment motion.

Enriquez filed this appeal as a challenge to an order relating to sealing under Texas Rule of Civil Procedure 76a(8). By rule, an order related to sealing is deemed severed from the underlying cause of action and treated as a "final judgment" subject to appeal. *See id.*

## APPLICABLE LAW

The rules of civil procedure establish the substantive standards and procedural steps for sealing court records and appealing related orders. Tex. R. Civ. P. 76a; *HouseCanary, Inc. v. Title Source, Inc.*, 622 S.W.3d 254, 259 (Tex. 2021). Court records are presumed open to the public and can be sealed only when a party has shown a specific, serious, and substantial interest that outweighs both this presumption of openness and any probable adverse effect sealing will have on general public health or safety. Tex. R. Civ. P. 76a(1)(a). The party seeking to seal the records must also show that no less restrictive means than sealing records will adequately and effectively protect its asserted interest. *Id.* R. 76a(1)(b). "Parties attempting to meet this standard must follow the rule's procedural requirements." *HouseCanary*, 622 S.W.3d at 259. In addition to filing a written motion with the court, a party must post a notice informing the public of the nature of the controversy, the nature of the records sought to be sealed, the public's right to intervene, and the time and place of the hearing to be held in open court. Tex. R. Civ. P. 76a(3); *HouseCanary*, 622 S.W.3d at 259. Immediately after posting the notice, the movant must file a verified copy of the posted notice with the clerk of the court in which the case is pending and the Texas Supreme Court's clerk. Tex. R. Civ. P. 76a(3).

We review a trial court's decision on a Rule 76a motion to seal court records for an abuse of discretion. *HouseCanary*, 622 S.W.3d at 259. A trial court does not abuse its discretion when basing a decision on conflicting evidence. *Id.* But failure to analyze or apply the law correctly is an abuse of discretion. *Id.* A trial court abuses its discretion if it acts "in an

4

arbitrary or unreasonable manner" or "without reference to any guiding rules or principles." *Upjohn Co. v. Freeman*, 906 S.W.2d 92, 95 (Tex. App.—Dallas 1995, no writ); *see Walker v. Baptist St. Anthony's Hosp.*, 703 S.W.3d 339, 343 (Tex. 2024).

## DISCUSSION

The insurmountable challenge in this appeal for Enriquez evident from a review of the record is a misalignment of his filed motion and his argument, the trial court's order, and the rule enabling the appellate relief sought. By his November 2024 motion, Enriquez objected under Texas Rules of Evidence 509 and 510 to appellees' use of his privileged medical information in their plea to the jurisdiction. He has not pointed us to nor do we find in the record a written motion to seal filed by him; his November 2024 motion does not use the word "seal" or invoke Texas Rule of Civil Procedure 76a. The 2022 motion to seal in this cause was filed by appellees, opposed by Enriquez, and denied by the trial court in October 2022.[6] In November 2024, the court denied "Plaintiff's motion to seal . . . based on the Court's October 12, 2022 Order."

The record plainly shows that Enriquez's objection under Rules of Evidence 509 and 510 did not comply with unique requirements of a motion to seal under rule 76a such as alleging and showing that no less restrictive means than sealing the records would adequately and effectively protect his interest in not having his private medical records published; posting notice to the public of the motion to seal—including the time and place of the hearing—where notices for meetings of county governmental bodies are required to be posted; stating in the public notice that any person could intervene and be heard; and filing a verified copy of the

---

[6] Enriquez does not appeal from the denial of appellees' 2022 motion to seal. Even if he had tried, his November 2024 notice of appeal was too late. *See* Tex. R. App. P. 26.1. Further, Enriquez received the relief—denial of the motion—he sought.

posted notice with the trial-court clerk and with the Texas Supreme Court clerk.  *See* Tex. R. Civ. P. 76a.  Enriquez's objection does not mention Rule 76a by citation or substance and there is no indication Enriquez attempted the required public notice.

Further, Enriquez's objection does not satisfy the requirements for obtaining the relief he seeks under Rule 76a because the interests and his arguments for and against relief under Rules of Evidence 509 and 510 and Rule of Civil Procedure 76a are not coextensive. Under Rule 76a, Enriquez must show a specific, serious, and substantial interest that clearly outweighs the presumption of openness of court records and any probable adverse effect that sealing will have upon the general public health or safety as well as that no less restrictive means than sealing records would adequately and effectively protect the specific interest asserted.  *See* Tex. R. Civ. P. 76a(1).  The substance of his claim concerns whether his medical conditions were being properly treated and, more broadly, whether the Texas prison system adequately provides medical care to one of its inmates—an issue of public interest on many levels.  While there are ways short of wholesale sealing of appellees' motion and attached records to address Enriquez's privacy concerns, he did not articulate them in his objection or argument.

Enriquez did not make the arguments necessary to support sealing records. Instead, he argued against sealing of the records while seeking to invoke his privileges.  He stated at the November 2024 hearing, "I don't want those records sealed."  We see no basis in the record on which Enriquez could persuade us to find that the trial court abused its discretion in denying any unwritten, oral, or implied motion to seal by Enriquez.

Because the record presented plainly shows no abuse of discretion in denying a motion to seal that Enriquez did not file and which he opposed, and because our decision

concerns a long-pending trial-court proceeding,[7] we will take the extraordinary step of dispensing with the briefing process. *See* Tex. R. App. P. 2 (allowing suspension of rules to expedite decision), 38 (setting briefing rules). Dispensing with the filing of briefs will expedite the decision in this appeal arising from a cause filed in 2016 concerning previous medical treatment (or lack of medical treatment) of an inmate in the Texas prison system that remains pending on the merits in the trial court. *See* Tex. R. App. P. 2, 38; *cf. Hutchison v. Hamlin*, No. 05-02-01419-CV, 2002 WL 31018580, at *1 (Tex. App.—Dallas Sept. 11, 2002, no pet.) (mem. op.) (suspending requirement to file briefs in election appeal).

Our ruling does not address Enriquez's written objection under Rules of Evidence 509 and 510 to the use of the records. A ruling on an objection to the admission of evidence is not subject to interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014; *cf. Waste Mgmt. v. Blackwell*, 130 S.W.3d 337, 342 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding interlocutory appeal not available from order to produce information and documents privileged under Audit Privilege Act). Any ruling on that objection is outside the scope of the unique rule-based appellate process for motions to seal, *see* Tex. R. Civ. P. 76a(8), and remains part of the original underlying cause of action as the trial court considers appellees' plea to the jurisdiction, summary-judgment motion, and other issues.

## CONCLUSION

We affirm the order. As this order was by rule deemed severed from the underlying cause of action in the trial court, *see* Tex. R. Civ. P. 76a(8), the underlying cause can proceed without further action from this Court.

---

[7] *See generally Enriquez*, 2018 WL 6565017, at *1-2.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Affirmed

Filed:   June 6, 2025